LYLES (UNITED STATES v.). See Cases Nos. 15,645 and 15,646.

LYLES (VOWELL v.). See Cases Nos. 17,020 and 17,021.

## Case No. 8,626.

### LYMAN v. ARNOLD et al.

[5 Mason, 195.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1828.

EASEMENTS—LIBERTY TO DIG CANAL — PROPERTY RIGHT IN MATERIALS DUG UP.

A liberty granted in a deed "to dig a canal through the grantor's land," does not include, as an incident, the proprietary interest in the soil, when dug up and removed.

[Cited in note to Welch v. Wilcox, 101 Mass. 162. Cited in Bean v. Coleman, 44 N. H. 544.]

Bill in equity [by Thomas Lyman against James Arnold and others] for an injunction to prevent a removal and sale of certain stones dug out of a canal, and also for relief. The cause came on to be heard upon the bill, answers and depositions.

[1] [Reported by William P. Mason, Esq.]

J. L. Tillinghast, for plaintiff.

Whipple & Searle, for defendants.

STORY, Circuit Justice. The present suit is a bill in equity brought for an injunction and relief, on account of an asserted claim by the defendants of a right to take, remove, and sell, certain stones and other materials dug out of a canal, which the plaintiff has constructed through the land of the defendants, under an agreement for that purpose. The plaintiff alleges, that these stones and materials are his own property, and that a sale has been made of a part of them by the defendants; and as to the residue, which are still on the land of the defendants, and on which they were rightfully placed, they have obstructed the plaintiff in the removal and use of them, &c. The title of the plaintiff is set forth in various ways in the bill. In the first place, it is derived, as an incident to a written grant; in the next place, from a parol grant, or contract; and in the last place, from the acquiescence of the defendants, which, under the circumstances of the case, has operated as a constructive fraud upon him by inducing him to make the canal, and incur heavy expenses, on the faith of a full right to such stone and materials. I lay out of the case all consideration of the two last heads of title, because they are expressly denied in the answers, and there is no sufficient proof to support them against such denials. The whole question, therefore, resolves itself into the first head; and to the consideration of that the attention of the court will be exclusively addressed.

On the 12th of May 1814, James Arnold, (one of the defendants,) by his deed of that date, conveyed to Daniel Lyman and Samuel G. Arnold (under one of whom the plaintiff claims title) a certain tract or parcel of land in Cumberland, in Rhode Island, the boundaries whereof are mentioned in the deed, together with one half of the water in Pawtucket river at Woonsocket Falls, at the dam there erected on said river, with liberty to dig a canal through the grantor's land, and across the road from the canal, in which the grantor then took out the water from his pond into the trench on the easterly side of the road, to the northward of the grantor's old machine shop, doing no injury to the grantor's buildings, and from thence to the land by the said deed conveyed, but no deeper than the canal already dug by the grantor, with liberty, at the expense of the grantees, to widen the grantor's canal, as far as might be necessary for the full improvement of the privilege by said deed conveyed, without injury to the grantor, and without deepening his canal; and the said canal not to be deepened by either party without the consent of the other; the grantees sufficiently and substantially, at their own expense, to cover the canal to be dug by them from the grantor's canal to said

trench, and forever thereafter to be at the one moiety or half part of the expense of repairing, supporting, and rebuilding the dam across the river: To have and to hold the same premises to the said Daniel Lyman, and Samuel G. Arnold, their heirs and assigns, with all the appurtenances, privileges, and commodities, to the same belonging, or in any wise appertaining.

Such are the substantial clauses in the deed. The stones and other materials now in controversy were dug out of the canal thus authorized through the grantor's land. It is material to state, that they are not now claimed by the plaintiff, as necessary or proper, or even desirable for the purpose of constructing, or securing, or embanking the canal. But the claim is, that the grant above recited contains a good conveyance of all the soil, stones, and materials so dug up in the course of that canal, exclusively to the use of the grantees, and that the defendants or any of them have no right to intermeddle therewith. In short, the claim is of an exclusive property by grant to all the stones, soil, and materials throughout the whole extent of the canal, in the grantor's land, and to the length, breadth, and depth, which it is authorized to be dug. I give no opinion, what would be the result, if the title now set up to these materials were merely to the use of them, for the purpose of constructing, securing, or embanking the canal, or indeed for any other purpose connected with its existence or necessary use. That point does not arise upon these pleadings, and is not involved in the present discussion. The question is, whether the absolute property in these materials passed by this grant to the original grantees in the deed. In the construction of grants, that is doubtless to be adopted, which gives entire and liberal effect to the intention of the parties. When the object is distinctly seen, the ordinary means, by which it is to be attained, are presumed to be within the purview of the parties. If the use of a thing is granted, whatever is necessary for the enjoyment of such use, or for the attainment of such use, is, by implication, granted also. Co. Litt. 56a; Shep. Touch. 90; Saunders' Case, 5 Coke, 12; 4 Bac. Abr. "Grants," 1, 5; Perkins' "Grant," 111, 112, 116. But if it be not necessary, but may be a convenience only, it is not granted. Plow. 16a; Com. Dig. "Grant," E, 11. So, too, grants are to be construed according to the subject matter, and the natural presumptions arising from their terms, and thus to render them expositions of rational intentions. If a contract is made allowing a person to dig coals or turf in another's land, the law presumes, that the coal or turf is to belong to the grantee. So, if a license is given to one to work another's mine, the presumption is, that he is to have the produce of his labour. The reason of such an interpretation of the contract is, that the grant is supposed to be

intended for the benefit of the grantee, and to give him a substantive interest, and not to impose a burthen. If he had no interest in the thing for the labour bestowed upon it, he could have no recompense, and the grant, as such, would be utterly worthless and nugatory. But if a grant were to dig in another's soil, and lay a drain or pipes, it would not be so clear, that the grant included the property of the removed soil. See Pomfret v. Ricroft, 1 Saund. 321, 322, and note b. It would not be necessary to the fair enjoyment of the privilege. And Plowden (Comm. 16a) instructs us, that if it would be a mere convenience to the party, it would not pass as an incident, unless it were also necessary. The case put at the bar affords another strong illustration of the true principle. If a grant is made of a way over another's land within particular boundaries, that may include the right to dig up and level the soil, or even to remove parts, so as to make the way passable; and to use the soil for this purpose; but all this would be perfectly consistent with the right of the soil remaining in the original proprietor. Where a highway is made over another's land, the soil still remains in the owner, subject to the easement. See Jackson v. Hathaway, 15 Johns. 447; Perley v. Chandler, 6 Mass. 454; Stackpole v. Healy, 16 Mass. 33; Robbins v. Borman, 1 Pick. 122. If there are trees on it, they are his. If it be necessary to cut them down and remove them, in order to make the highway, still the property of the trees, so cut down, is unchanged. The reason is, that nothing is deemed included to pass, as an incident to an easement, but what is necessary to its reasonable enjoyment. The change of property in such trees is not necessary to such enjoyment. The case of Lord Darcy v. Askwith, Hob. 234, affords an illustration of this doctrine. There the lease was of certain coal mines, and the lessee cut down trees for the use of the coal mines; and being sued in waste, he pleaded, that he cut them down, and used them for the making of puncheons, corses, and other utensils in and about the coal mines, without which they could not dig, and get the coals out of the pits, and he did bestow them accordingly. On demurrer, the court held the plea bad, because, though a grant of a thing did carry all things included, without which the thing granted could not be had; yet that must be understood of things incident, and directly necessary. Another illustration is in Harrison v. Parker, 6 East, 154, where it was held, that if a party builds a bridge, and dedicates it to the public, he still retains his proprietary interest in the materials, and as soon as they cease to be used as a part of the bridge, he is entitled to recover them. Saunders' Case, 5 Coke, 12, is not at all at variance with these principles. In that case, there was a lease of certain lands, on which there was an open mine. The lease conveyed the same land with all the profits &c.; and it was held no waste to work the open mine; and the reason was, that, being an open mine, the intention of the parties must be presumed to be to grant all those things, which might be used in the then state as profits of the land. The mere fact, that a person having a grant of a privilege, servitude, or easement, in the land of another, bestows his labour upon the soil, or separates it, and gives it value thereby, constitutes no sufficient ground to infer a change of property in the soil; for such labour is bestowed in order to enjoy such privilege, servitude, or easement.

In order to decide, therefore, what is contained in the grant in the present case, it is material to consider the terms of the deed, and the apparent object of the parties. The object of the parties is to grant the right to make a canal at the expense, and for the use and benefit of the grantees across the grantor's land. This is plainly to be inferred from the very terms of the deed. The words are, "with liberty to dig a canal through the grantor's land," and it is afterwards spoken of as a "privilege." A reasonable interpretation of this language must be, that the liberty to dig the canal includes the right to use it, when dug; for without such right, there could be no improvement of the privilege, or any benefit to the grantees. The principal right, franchise, easement, or servitude, call it which you may, is the canal, and the liberty to dig up the soil for this purpose would have followed, as an incident, even if it had not been expressly given. There is not one word in the deed, which purports to grant any right in the soil itself, either before or after its removal. In this respect, there is a total silence. How then is it to be inferred? If at all, it must be, because such a right to the soil flows as a necessary incident to the express grant. Now the "liberty to dig a canal" does not necessarily require, that the soil dug up should pass to the grantee; for there may be the most perfect enjoyment of that liberty without it. If the soil is separated and removed, and the canal is dug, it is wholly immaterial to the exercise of that right, what afterwards becomes of it. Suppose the fact to be, that trees should stand in the route of the canal; would they, after they were dug up or removed, belong to the grantee, or remain in the original owner? I apprehend, in the latter; and if so, in what respect does that differ from the case of the soil. Each, before the severance, was part of the freehold. Why should one pass, any more than the other, to the grantee, if not necessary for the purposes of constructing the canal? The argument of the plaintiff proceeds upon the ground, that the property of the materials might be beneficial to him, and constitute some recompense for his labours. Be it so; but that

does not make it a matter of right. There may be many conveniences, which yet do not pass as incidents to a grant. When the parties make their contracts, it is their duty to provide for such conveniences. When the law is called upon to interpret their acts, it has nothing to do with such matters; it can act only upon necessary incidents, or implications. My opinion is, that in the present deed, there is no express grant of any right to any soil; that it is not implied as an incident to any thing granted; that the liberty to dig a canal imports no more than a right to separate and remove the soil for the purposes of the canal; and, that such a liberty is quite consistent with the proprietary interest in the soil remaining in the grantor. Upon this ground, I think, the bill must be dismissed.

It is unnecessary to touch the question, whether this case be a fit case for equity jurisdiction, supposing the bill were maintainable in point of fact, as it is contended a complete remedy exists at law. We may leave that point for decision, when it becomes necessary to the judgment of the court. Bill dismissed.