CITY OF HANNIBAL, Defendant in Error, *v.* HEIRS & ADM'R OF ZACHARIAH G. DRAPER, Plaintiffs in Error.

*Dedication—Estoppel.*—The dedication of land to public uses can be made only by the owner of the fee. The making and recording of a plat of a town, upon which plat certain portions of the land are marked as public, is a grant of such lands to public use, and all persons claiming by subsequent grant through the party thus filing such plat are estopped from denying the title of the public. But a party in possession of such lands, not thus claiming title, is not estopped from denying the title of the party filing the plat. (See S. C. 15 Mo. 684.)

*Error to Pike Circuit Court.*

This was an action of ejectment commenced in 1851, in Marion Circuit Court, to recover lots three and four in block twenty-six of the town of Hannibal, as originally laid out by Stephen Glascock. A trial was had in the Circuit Court, which resulted in the non-suit of the plaintiff under the ruling of the court. The case was brought into this court and the judgment reversed. (15 Mo. 634.) On the second trial, the plaintiff as evidence of title, introduced Glascock's plat of the town of Hannibal, filed in the recorder's office April 17, 1836. The lots in question are marked on the plat " church ground."

The defendants showed in evidence the following state of facts :

In 1841, the town of Hannibal, under its ordinance and by its assessor, assessed the lots in question for town taxes, as the property of an owner unknown. In 1843, the lots were sold by the town collector for these unpaid taxes to Hawkins & Gand, subject to redemption within two years. In the year 1841, the same lots were assessed for State and county taxes, and in 1843 were sold by the sheriff, and Z. G. Draper became the purchaser, and received a deed which was duly executed and recorded. In 1844, Draper redeemed the lots from the sale to Hawkins & Gand, and enclosed them with a fence. He and his heirs have been in possession ever since. In 1844, the lots were assessed to Draper for town

taxes. In 1845, the City of Hannibal was incorporated and these lots were assessed to Draper for city taxes, and so on down to the commencement of this suit. In like manner, the lots were assessed to Draper for State and county taxes during the same time. These taxes were all regularly paid, and the tax receipts produced in evidence. In 1850, Glascock gave a quit-claim deed to Draper of his title to these lots. The consideration of the deed is $100. It did not appear that the town or City of Hannibal ever took possession of said lots, or laid any claim to them up to the commencement of the present suit. The plaintiff, in reply, showed that the assessments for taxes of the lots for the year 1841 were by their numbers only, without further description, and in the name of " owners unknown."

The court below, on plaintiff's motion and under exceptions by defendants instructed the jury as follows:

1. The town plat filed in the recorder's office on the 17th day of April, 1836, by Stephen Glascock, with the explanations, marks and designations therein, had the effect when so filed to pass the fee simple to the lots three and four in block twenty-six from said Glascock, and to vest the same in the County of Marion for public use as church property, and by virtue of said plat said Stephen Glascock and all persons claiming under him are estopped from asserting any claim or right to said lots.

2. The act of the Legislature incorporating the City of Hannibal and approved February 21, 1845, had the effect to pass the legal title from the County of Marion to the corporation of the City of Hannibal, and since that act said city is and has been the legal owner of the lots in question in the same way as the county previously owned them, and since said act of incorporation said city has succeeded to all the rights and privileges of the county to the lots in controversy.

3. In order to make the assessment of the lots in controversy for the taxes for the year 1841 legal, it is *not* necessary that the assessor of Marion county should, in his tax book

ST. LOUIS.

for that year, describe and designate particularly the lots in question, setting forth in said book, and in the copy of the same returned by him to the county court, the town in which the lots in controversy were situated, together with the street or alley on which said lots were situated, and the size of each of said lots in front and depth ; and if the jury believe from the evidence that the lots were not so described by the assessor in his said book, then any sale of said lots made by the sheriff for the non-payment of the taxes for the year 1841 was and is utterly void, and the deed made by the sheriff of Marion county to the defendant passed no title to the defendant and is of no effect.

Defendants asked the following instructions, which were refused, and they excepted:

1. The plaintiff has not shown to the court any title or right of possession which will authorize the jury to find for plaintiff.

2. That if it shall appear from the evidence that the City of Hannibal did, in the year 1842, cause the lots in question to be assessed and taxed to non-resident owners, and did by her officers and in pursuance of her ordinances, in the year 1843, sell the same as the property of other persons, and that said city did, after said sale up to the date of defendant's deed from Glascock, continue to assess said lots to other persons as owners and receive the taxes thereon, then said plaintiff is estopped from setting her supposed title against said deed from Glascock, or those claiming under it, and in such case the jury should find for the defendants.

The jury rendered a verdict for the plaintiff. A motion for a new trial was made and overruled, and the defendants appealed.

*R. M. Field,* for appellants.

When this case was before this court on a former occasion, it was held that the plat of Hannibal, as filed in the recorder's office, was sufficient evidence of a dedication of the land in controversy on the part of the proprietor. It is a settled

rule of law that an act of dedication to public use is incomplete without acceptance on the part of the public. The acceptance may be by formal act, or, as is more usual, by user and enjoyment. (Ang. Highw. § 132; 2 Greenl. Ev. § 662; State v. Trask, 6 Vt. 355; Bissell v. Railroad Co., 26 Barb. 634; State v. Carver, 5 Strobh. 217; Livaudais v. Municipality, 16 La. 509; David v. Municipality, 14 La. An. 872; People v. Beaubien, 2 Dougs. Mich. 256.) And the levying and collecting of taxes is holden as strong proof against an alleged dedication. (Irwin v. Dixon, 9 How. U. S. 10.)

The present case is plainly distinguishable from that of City v. Gorman (29 Mo. 593). In that case the effort was made to obtain the admitted title of the city through the instrumentality of a tax sale not purporting to convey that title. Here the whole question is, whether the corporation ever had any title, and the tax deed is introduced, not as a source of title, but as one of the circumstances showing that the corporation never accepted the dedication.

*Krum & Decker*, for respondent.

I. The construction and effect of the "Act concerning towns and villages," approved February 20, 1835, and of the act incorporating the City of Hannibal, (Private Acts 1845, p. 126,) have been distinctly adjudicated by this court in this case. (City of Hannibal v. Draper, 15 Mo. 634.)

II. Glascock having made and recorded the plat, which had the effect to vest the fee of the lots in question in Marion county for public use, he and his assignees are estopped from reclaiming the property. The grant of Glascock to public use is not coupled with any condition or reservation. His plat, and the recording thereof, are in conformity with the statute and it operates upon his act, and thus his grant to the *public use* of the property in question is irrevocable.

HOLMES, Judge, delivered the opinion of the court.

It was decided when this case was here before (City of

Hannibal v. Draper, 15 Mo. 634) that the town plat, acknow-
ledged and filed or deposited with the recorder of the
county of Marion, was effectual under the statute concern-
ing plats of towns and villages (act of 20th February, 1835,
R. C. 1835, p. 599) to convey in fee simple all the title of
Stephen Glascock in and to the lots in question to the county
of Marion, in hand, for the use of the inhabitants of the
town of Hannibal as church ground, and that the act of in-
corporation of the City of Hannibal (act of February 21,
1845) vested all the title of the county of Marion in and
to said lots in the City of Hannibal, for the same public use;
and the proposition is not now controverted that the act of
Glascock was sufficient evidence of a dedication on his part
of the ground to the public use.  But it is now insisted on
the part of the defendant, that the dedication was incom-
plete until accepted by or on behalf of the town; that no
evidence of acceptance was adduced by the plaintiff, but
that, on the contrary, proof of its rejection had been shown
by the defendant.

It does not appear that any evidence was produced on the
part of the plaintiff to show either that the title to the land
was in Stephen Glascock at the date of his plat, or that he
had ever been in the actual possession of the lots or ground
in controversy.  On the part of the defendant, it was proved
that the lots in question had been vacant until 1843, when
he took actual possession of them by enclosing them within
a fence.  It may be admitted that all the title of Glascock
was vested in the county by virtue of the plat, and that he
and all those holding under him afterwards were estopped
from denying that fact, and that all the title of the county
so derived was by virtue of the act of incorporation vested
in the City of Hannibal.  But this did not estop the defend-
ant from standing on his prior actual possession; however
acquired, it estopped him only from setting up title under his
quit-claim deed from Glascock of a date subsequent to the
plat.  If the plaintiff had shown that Glascock owned the
land in fee at the date of his plat, he might have stood upon

the position that the title in fee was absolutely vested in the city in trust for the public use declared, without reference to the question whether there had been a dedication and acceptance of the ground for the public use, or not. Even in cases resting upon a dedication and acceptance alone, it must be shown that the dedication was made by the owner of the fee. (2 Greenl. Ev. § 663.)

On the other hand, it may be conceded that the tax title of the defendant under the city did not estop the plaintiff, for the reason that the city officers had no power to assess lots owned by the city itself, nor to sell the same for taxes, (City v. Gorman, 29 Mo. 593,) and that the defendant did not show a valid tax title to the ground in controversy. All this still leaves him standing upon an actual adverse possession prior in date to any actual possession shown by the plaintiff, in the city, or in those under whom she claims. On this state of the case, it is plain that no conveyance of title by Glascock, nor any dedication by him, or those holding under his plat, could be of any avail against the defendant Draper, unless the plaintiff had acquired the right to use the ground for public purposes, by virtue of such actual user, as would amount to an implied dedication and acceptance for the public use as against all persons whomsoever. In such case it is not necessary to prove who is the owner; nor does the right of the public rest upon grant by deed, but upon the use of the land, with the assent of the owner, whoever he is, for such a length of time, that the public accommodation and private rights might be materially affected by an interruption of the enjoyment. (2 Greenl. Ev. § 662.) The plaintiff gave no evidence of any such dedication and acceptance to the public use, and the evidence adduced on the part of the defendant certainly tended to show that there had been no such user as would amount to a dedication and acceptance of that kind. A dedication of this nature is a question of fact for the jury. (2 Greenl. Ev. § 662; State v. Peark, 6 Vt. 355; People v. Baubien, 2 Doug., Mich., 256.)

The plaintiff seems to have proceeded on the theory that this plat, under the operation of the act in question, vested an absolute title, not only as against the person making and recording it, but as against all the world, and that such was the purport and effect of the decision heretofore made in this case. (15 Mo. 634.). We do not find anything in that decision to justify such a conclusion.

According to these views, the first instructions asked by the defendant should have been given.

We do not see any material objection to the instructions given for the plaintiff, in themselves considered.

The second instruction asked by the defendant was rightly refused, according to the decision in City v. Gorman (29 Mo. 593).

The other judges concurring, the judgment is reversed and the cause remanded.