## COURT OF APPEALS.

ALEXANDER McMILLEN, respondent, agt. TIMOTHY C. CRONIN, executor, &c., appellant.

*Right of way — Right to repair, incident to the easement — Prescriptive use — Appeal.*

In an action for an assault and battery the defendant claimed that the plaintiff was using the right of way at the time of the assault in a manner not authorized by the grant, and that the right of repair of the private way in the manner made by the plaintiff at the time would be justified only by clear proof of prescriptive user, in that particular, founded on a grant:

*Held,* that the right to repair is incident to the easement; and the way by the grant or prescription, confers a right to repair and keep the way in order. A person holding a right to the use of the way, being in possession, it is his privilege to make repairs so as to turn the water, by means of a ditch, and to fill it with stones taken from the roadside.

In an action for an assault and battery where the recovery is less than $500, though the right of action involves a right to the use of a private way and the particular manner of its use and the repairs of the same and the question of prescriptive use:

*Held,* that no appeal lies to the court of appeals without an order of the supreme court, at general term, first obtained.

*February,* 1879.

*M. Fairchild* and *T. C. Cronin,* for appellant.

*S. W. Russell,* for respondent.

MILLER, *J.* — There is no dispute as to the fact that the plaintiff had a right of way, which had been used as such for a period of sixty years, running from the public highway to the plaintiff's farm, and at the time of the assault and battery committed by the defendant upon him, the plaintiff and his two sons, with a team, were engaged in repairing such way. The right of the plaintiff to keep such way in repair would ordinarily follow as an incident to the easement, and as necessary to the lawful enjoyment and use of the same.

The defendant insists that as the plaintiff's private way was over the defendant's land and subject to gates, the plaintiff by removing such gates had forfeited his right to use the way;

and, upon the trial, offered to prove that the gates were removed by the plaintiff. While a right of way with gates restricts the use to that extent, I think that the removal of the gates does not work such an immediate and absolute forfeiture as to authorize and justify the use of force, to the extent of an assault and battery, to prevent the further use of the way. An action would lie for the trespass committed by the removal, if illegally made, or perhaps in equity, to enforce a forfeiture of the right; but, there is no rule which authorizes the party over whose land the way passes, under the existing state of facts, to take the law in his own hands and violently prevent the use of the way, and thus assert and maintain his alleged rights. The position of the defendant, in this respect, cannot be upheld; and the evidence offered, if introduced, would not have aided the defendant, or furnished any legal excuse or justification for the assault made by him upon the plaintiff.

It is further urged that the right of way of the plaintiff had never been worked before, and the plaintiff had no right to work it at the time he did; that he was wrongfully there for that purpose, and the court was requested to charge the jury to that effect, which request was refused and an exception taken. It is, no doubt, true that the extent of a right of way established by user, must be controlled by the user; but, the proof must clearly establish such user, for the purpose of depriving a party of the exercise of such right, in the usual and accustomed mode necessary for its enjoyment. The proof in this case falls far short of establishing that the right of way of the plaintiff consisted only of the privilege of passing across the defendant's land, without any privilege to repair or to keep the same in a condition suitable for the purpose for which it was designed. The only testimony on the subject is that of the defendant, who swears that he never saw a day's work done on it, nor did anybody else. While it may be true that no work was done in defendant's presence, it by no means follows that no work was ever

done because he did not see it.    But it is not material, I think, whether work had been done or otherwise.    The very existence of a right of way precludes the idea that the party who has the right cannot repair or keep the way in order.    Suppose the way should be partially impaired by a storm, or in some other manner become obstructed and impassable.    Can it be claimed that there is no power to repair it and put it in order ?    Clearly not ; for the right to repair is incident to the easement, and without it the way might become useless and of no benefit.    Having the easement, carries with it the right to make necessary repairs (*Washb.*, *on Ease.*, 654; *Prescott* agt. *White*, 21 *Pick.*, 341 *and cases cited*).    In fact, the grantee of a private way is bound to keep it in repair (*Williams* agt. *Safford*, 7 *Barb.*, 309).    Although all rights by prescription are *stricti juris*, there is no rule of construction which holds that a right of way by grant or prescription of itself does not confer rights which authorize the owner to keep it in repair, and to remove all obstacles to its enjoyment.

At the time of the assault and battery, the plaintiff was engaged in making repairs, so as to turn the water, by means of a ditch filled with stone, from the middle of the road.    It is not obvious that this could affect the rights, or cause any injury to the owner of the land adjoining ; and as one who had a right to the use of the way was in possession, it was clearly his privilege.

There was no error in the refusal to charge that if the jury believed the testimony that this road had never been worked before, then the plaintiff had no right to work it and was wrongfully there for that purpose.    In the first place, there was no such proof ; and, secondly, the plaintiff was in possession rightfully, and hence could not be there unlawfully ; and the defendant was not in possession.    The most which the defendant could claim was that he had a *right* to the possession.    This was not enough to justify the use of force in taking possession (*Parsons* agt. *Brown*, 15 *Barb.*, 590 ; *Hyatt* agt. *Wood*, 3 *John.*, 239).

The case of *Capers* agt. *McKee* (1 *Stobhart*, 164), relied

upon by the defendant, is distinguishable from the case at bar and has no application.

We have considered all the questions presented upon this appeal, and we are unable to discover any error committed upon the trial. Independent, however, of the questions considered, as it appears that the amount of the recovery was less than $500, we are of the opinion that, within the decisions of this court, no appeal lies, and the same must, therefore, be dismissed with costs.

All concur.

NOTE.—An application having been made to the general term in the third department in this case for leave to go to the court of appeals, the same was denied upon the ground that the case involved the question of title to lands and an interest therein, and was an appealable case under the statute without leave.

The decision of this case *now*, not only is contrary to the decision of the general term made on application for leave to appeal to the court of appeals, but, also, on the merits of the case. It seems to overrule the doctrine of the courts of this state as found in the case of *Randall* agt. *Crandall* (6 *Hill*, 342 *and cases there cited*); and also in conflict with the case of *Capers* agt. *McKee* (1 *Stobhart*, 164, *S. C.*).

The act of 1874 (*chap.* 322) regulating appeals to the court of appeals, provides as follows:

"But nothing in this provision contained shall apply to actions or proceedings affecting the title to real estate *or an interest therein*." [ED.