CITY OF SARCOXIE, Respondent, v. HERMAN WILD *et al.*, Appellants.

Kansas City Court of Appeals, January 6, 1896.

1. **Dedication:** UNINCUMBERED TITLE: PRIVATE WAY. Dedicators of land to public use must be the absolute owners of an unincumbered title; and owners of the fee by their dedication can not thereby affect the interest of the owner to a private way reserved in his deed to his dedicators.

2. **Roads and Highways:** PRIVATE WAY: DOMINANT ESTATE: DAMAGE. A private way is the dominant estate and is a public right in the owner, of which he can not be deprived regardless of whether he would be injured or not.

3. ————: ————: CONVERSION TO PUBLIC USE: CONSENT: ESTOPPEL: CONDEMNATION. Before a private way can be transformed into a public one, the owner must consent, or do something to estop him, or be deprived of his rights by process of law.

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

REVERSED.

*E. O. Brown* and *George P. Whitsett* for appellants.

(1) The words "Except, reserving the right of a strip of land thirty (30) feet wide on each side, viz.: west, east, north, and south of said tract of land for road purposes" contained in the deed from Herman

Wild to his daughter, secured to the grantor an ease-ment for himself of a private roadway over the thirty-foot strips mentioned in said deed.   Emma Carnahan never obtained a title thereto sufficient to enable her to make a valid dedication of the same to the public as streets.   Tiedeman on Real Property, sec. 843; *Jones v. De Lassus*, 84 Mo. 541.   (2) Herman Wild at all times held possession of these strips.   They were inclosed with other land belonging to him, and, exer-cising the control of the possessor and owner, he allowed timber to be cut from them.   To maintain estoppel *in pais* some conduct, acts, language, or silence must be shown amounting to a representation or concealment of material facts.   2 Pomeroy's Equity Jurisprudence, sec. 805.   (3) There could have been no dedication of the strips of land in question for streets except by Herman Wild, who was the sole owner of the right of way over them.   *City of Detroit v. Railroad*, 23 Mich. 173.   Per-missive use. is not such a dedication.   Elliott on Roads and Streets, pp. 3, 96; *Stacey v. Miller*, 14 Mo. 478.   (4) Emma Carnahan could not dedicate the thirty-foot strips in question for public streets and thus defeat the estate her grantor had excepted and reserved for him-self—namely, a private roadway.   No one but the absolute owner can dedicate land to the public use, and for such a dedication to convey any interest to an intangible public or municipal corporation the person so attempting to make such a dedication must have the whole title.   *Ward v. Davis*, 3 Sandf. (N. Y.) 513; *City of Hannibal v. Adm'r of Draper*, 36 Mo. 332; *Mc-Shane v. City of Moberly*, 79 Mo. 44; *Kyle v. Town of Logan*, 87 Ill. 64; 2 Greenleaf, Evidence, 663.

*Howard Gray* for respondent.

(1) The deed from Herman Wild to Emma Carna-han on the fourteenth day of March, 1876, conveyed to

her the land in controversy. He only reserved the right to use a part of it for road purposes. *Kister v. Reeser*, 42 Am. Rep. 608; s. c., 98 Pa. St. 1; *Elliott v. Small*, 29 N. W. Rep. 158; s. c., 35 Minn. 396; *Jones v. De Lassus*, 84 Mo. 541; *Day v. Philbrook*, 26 Atl. Rep. 999. (2) Had Herman Wild intended to retain the title to said strips his deed would have read: "Except a strip thirty feet wide on each side thereof." *Elliott v. Small*, 29 N. W. Rep. 158.

ELLISON, J.—The defendants were arrested, tried, and convicted before the police judge of the city of Sarcoxie, on the charge of having obstructed, with a rail fence, one of the streets of said city. They appealed to the circuit court and were again convicted, and now bring their case here.

It appears that the land on which the street is alleged to exist is a twenty acre tract, which one of the defendants owned and deeded to Emma T. Carnahan, wife of John Carnahan. The tract was practically surrounded by said defendant's other farm land. In said deed there was this reservation, immediately following the description of the land: "Except, reserving the right of a strip of land thirty (30) feet wide on each side, viz.: west, east, north, and south of said tract of land, for road purposes." Afterward, said land was included within the limits of said city and was then platted as an addition to the city and was laid off into lots by said Carnahans—they filing a plat purporting to dedicate that portion of the reserved strip in question to the public, as a street.

There are many questions presented in behalf of defendants, which are combated by the city, but as one of these is sufficient for a final disposition of the case, we will not pass on any others raised. The reservation in the deed, connected with the evidence

showing the circumstances of the parties (*Jones v. De Lassus*, 84 Mo. 541), makes for the defendant grantor a private way of the width of the strip reserved over the land granted. Mrs. Carnahan became the owner of the whole tract, subject to the incumbrance of the easement of the private way, which the defendant grantor had reserved to himself. Of this he could not be deprived, without his consent, or by some lawful and regular proceeding. The attempted dedication by the Carnahans was noneffective as against the owner of the way; for they must have been the absolute owners of the unincumbered title, in order to make a dedication against the interests of others in the lands. *Ward v. Davis*, 3 Sanf. 513; *McShane v. Moberly*, 79 Mo. 44; *Hannibal v. Draper*, 36 Mo. 332; *Kyle v. Logan*, 87 Ill. 64; Tiedeman on Real Prop., sec. 843.

It may be suggested that making a public street, in a city, out of a private way, is but an enlargement of the easement to the public, which would include the grantor, and therefore there could be no objection to it, since it would not harm the grantor. But this can not be allowed. A private way is a property right in the owner, of which he can not be deprived, regardless of whether he would be injured by the taking. The defendant, as owner of a private way over this land, is the owner of the dominant estate. Granting that the Carnahans have attempted, by dedication to the city, to make the latter the owner of such estate, they did so without the consent of defendant. If this be allowed, the defendant, as owner of the private way, is deprived of many of his rights as such. He loses control of the way. He has the right to repair it to suit his convenience, so he does not injure the servient estate. *Brown v. Stone*, 10 Gray, 61; *Lyman v. Arnold*, 5 Mason, 195; *Wyncoop v. Burger*, 12 Johns. 222.

"The very existence of a right of way precludes the idea that the party who has the right can not repair

or keep the way in order.  *  *  *  Having the easement carries with it the right to make necessary repairs." *McMillen v. Cronin*, 57 How. Pr. 53.

But when the city takes possession and control, the way may be put to uses which injure him, or it may be repaired and improved in a manner which will result in his injury. There would arise a conflict of authority. Grades might be changed by the city, either by cutting or filling, which might destroy the use to him. *Kelly v. Saltmarsh*, 146 Mass. 585. In speaking with reference to the rights of the owner of the servient estate, which ought to apply as well to the owner of the dominant estate, Elliott, in his work on streets and roads, 3, says: "A private way may, doubtless, be transformed into a public one, but in order that this may result it must appear that the owner fully consented to the change, or there must be some element of estoppel to deprive him of his rights."

The argument in behalf of the city seems to be based upon the idea that though the easement was reserved to defendant, yet that the Carnahans being owners of the fee, could make a perfect and complete dedication, without the consent of defendent. This would allow the Carnahans to annihilate defendant's property rights. In order to a proper dedication (at least, so far as affects defendant) defendant should have acted as to his interests. He must release his rights, or else he must be deprived of them by process of law.

The evidence shows clearly the reservation and its object, and the fact that he may not at all times have used the way is of no consequence.

It follows from what we have said that the defendants should not have been convicted. The judgment will, therefore, be reversed and the defendants discharged. All concur.