# CITY OF CARUTHERSVILLE, Appellant, v. J. D. HUFFMAN and SARAH HUFFMAN.

### Division One, December 2, 1914.

1. **BILL OF EXCEPTIONS: Record Proper: Not Commingled.** Where the abstract bears after the pleadings the statement that "the following entries and matters appear of record proper," followed by orders of court, including those relating to the bill of exceptions, and then by a heading, "Bill of Exceptions," in large, black-faced capitals, preceding such matter as is usually preserved in that form, it will not be held that matter of exceptions and of record proper have been commingled.

2. **LIMITATIONS: Streets.** Sec. 1886, R. S. 1909, providing that "nothing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public . . . use," applies not simply to lands acquired by the public in fee, but to lands dedicated to a city for streets and alleys.

3. **PLAT: Outlines: Construction.** In construing plats dedicating property, the courts will give effect to the plain meaning and intent exhibited by their outlines as well as by their words.

4. ————: **Conveyance By Reference: Dedication.** Those to whom property is conveyed by reference to a plat which attempted to dedicate streets and alleys to the public, adopt the dedication by accepting the conveyance.

5. ————: **Defective: Dedication of Streets and Alleys: Accepted by City: Adverse Possession of Alley.** Where the dedication of streets and alleys to the public by a plat of city property was defective, in that there was no showing of a submission of the plat to the city council, the city by opening and improving streets indicated thereon accepted the dedication in full, and a property owner in the addition cannot acquire title to an abutting alley by adverse possession.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Vance J. Higgs* and *Everett Reeves* for appellant.

(1) The dedication was in substantial compliance with the statute and is a good statutory dedication. Buschmann v. St. Louis, 121 Mo. 523; Price v. Breckenridge, 77 Mo. 447; Reid v. Board, 73 Mo. 295; Otterville v. Bente, 240 Mo. 291. (2) (a) But if we concede that the plat was insufficient as a statutory dedication, it was good as a common-law dedication when accepted by the city by opening and improving the streets as platted. Rose v. St. Charles, 49 Mo. 509; Heitz v. St. Louis, 110 Mo. 618; Naylor v. Harrisonville, 207 Mo. 341; Ragan v. McCoy, 29 Mo. 356; Hannibal v. Draper, 15 Mo. 635; Rector v. Hartt, 8 Mo. 448; Otterville v. Bente, 240 Mo. 291. (b) The law is that the city by accepting, improving and using a street or streets or an alley or alleys as platted must be regarded as accepting the whole tract as platted, and not merely such portion as the city chose to open and improve. Heitz v. St. Louis, 110 Mo. 618; Otterville v. Bente, 240 Mo.

291. (3) The appellees are forever estopped and precluded from denying the sufficiency of the dedication in this case, because they purchased from the original dedicators said lots 5 and 6, abutting on the alley in controversy, and accepted a warranty deed therefor which particularly described the property as platted and dedicated. Dillon on Municipal Corporations says (sec. 1083): "While a mere survey of land, by the owner into lots, defining streets, squares, etc., will not, without a sale, amount to a dedication, yet a sale of lots with reference to such plat, or describing lots as bounded by streets, will, as between the grantor and grantee, amount to an immediate and irrevocable dedication of the streets, binding upon both vendor and vendee." In section 1084 the author says: "It has been held that when the owner of lands sells lots according to a plat or plan showing streets, alleys and other public ways thereon, the right which passes to the purchaser in the streets, shown on the plan is not the mere right that he may use the streets, but that all persons may use them." (4) (a) The Statute of Limitations does not run against the city in this case. R. S. 1909, sec. 1886; California v. Bright, 179 Mo. 441; St. Louis v. Railroad, 114 Mo. 13; Otterville v. Bente, 240 Mo. 291. (b) Ejectment may be maintained by the city to recover public streets or alleys. California v. Howard, 78 Mo. 88; Elevator Co. v. Railroad, 135 Mo. 353.

*Arthur L. Oliver* for respondents.

(1) Appellant's appeal in this case should be dismissed for the reason that it fails to comply with the rules of this court. No sufficient abstract of the record has been filed herein. While it is true the so-called abstract shows that a bill of exceptions was tendered and filed, there is nothing to show where the

record proper ends or the so-called bill of exceptions begins. Reno v. Fitz Jarrel, 163 Mo. 413. (2) A common-law dedication is an implied dedication arising and operating by way of estoppel, and the public acquires merely the easement or right to use the land, while the fee remains in the owner. To constitute a common-law dedication there must be an acceptance on the part of the public by continuous, notorious and adverse use, or other similar acts under a claim of right in the public. Such were not the conditions here. The plaintiff, about the time that defendants fenced up the land in dispute, began to use and improve some of the streets mentioned in the plat. For thirteen long years its officers saw defendants peaceably and continuously in possession of this ground, erecting lasting and valuable improvements thereon and did nothing. Holding, at least, an easement in this strip of ground and not the fee, the city is now barred by the Statute of Limitations from maintaining this action. St. Charles County v. Powell, 22 Mo. 25; Banson v. Madison Co., 204 Mo. 98; Mississippi County v. Vowels, 101 Mo. 228; Callaway County v. Nolley, 31 Mo. 398; Chicago v. Middlebrook, 143 Ill. 265; Sims v. Frankfort, 79 Ind. 446; Reed v. Bingham, 92 Ala. 339; Driggs v. Phillips, 103 N. Y. 77; Yates v. Warrenton, 84 Va. 337. (3) Appellant contends that Sec. 1886, R. S. 1909, exempts appellant from the ten-year Statute of Limitations. But the strip in question was never "given, granted, sequestered, or appropriated" to any public use, and therefore the above statute does not apply. At best, the entire "Ward Addition" only became a part of the city by a common-law dedication whereby the right of use was acquired by the city, while the fee remained in Wm. A. Ward, and his two sisters. Certainly they are barred by defendants' possession of more than thirteen years. Then what superior rights has the appellant, who never accepted the attempted dedication; who never exercised the right of user over the strip

in dispute at any time, nor over any part of the addition for more than ten years before defendants' possession began?

BROWN, C.—Ejectment to recover a tract of land in the city of Caruthersville in said county, twenty feet wide and one hundred feet long, on the ground that it is dedicated to public use as an alley. A jury was waived.

There was no substantial dispute as to the facts. While it is not clearly shown in the evidence it seems to be assumed in argument that on March 22, 1895, the land included in "Ward's First Addition of Caruthersville" was within the city limits. On that day the plat was filed, consisting of two tiers of blocks extending in a northerly and southerly direction, five blocks in each tier. On the east side was a street named Carleton avenue; between the two tiers of blocks was Highland avenue, and on the west, Cotton avenue. From north to south the cross streets were named George, Neptune, Jupiter, Mars, Mercury, and an unnamed street along the south end. Block five occupies the southeast corner of the plat, with its two tiers of lots, each lot having fifty feet frontage and a depth of 140 feet. Lots one to six inclusive, numbered from north to south, fronted on Carleton avenue, while lots seven to twelve inclusive, numbered from south to north, fronted on Highland avenue. The alley in question extends through the middle of the block from Mercury street on the north to the unnamed street on the south, in the rear of the lots, and is twenty feet wide. A similar alley extends through each block except the north pair, the north six lots of which front north on George street with an alley extending east and west in their rear. All the other blocks are identical.

On the date mentioned William A. Ward and his three sisters, with the husbands of two of them who were married women, filed the plat above described in

Caruthersville v. Huffman.

WARD'S FIRST ADDITION OF CARUTHERSVILLE, MO.

Scale, 200 feet equals 1 inch

the recorder's office, duly signed and acknowledged, with the following certificate: "We the undersigned hereby declare the above to be a true and correct plat of Ward's First Addition to Caruthersville, Mo., and forever dedicate to the public the streets therein named." The approval of the common council was not indorsed on the plat, nor was there any evidence of such approval by ordinance. On March 15, 1896, they conveyed lots five, six, and seven, of block five, to the defendant Sarah E. Huffman, wife of her co-defendant, by that description. In September following they built a residence on lots five and six, fronting on Carleton avenue, and fenced the three lots, including in the enclosure the land in controversy, being the entire 100 feet of the alley lying in the rear of the two lots on which they built. This enclosure remained up to the time of the trial. Building proceeded in the addition so that when this suit was tried in 1909 it was "thickly settled." The unnamed street south of defendants' premises was opened and traveled in 1897. All the other streets on the plat were opened and improved, by paved or plank sidewalks on each side and by grading, and telephone and electric light poles had been maintained on all of them for a number of years. Carleton avenue had been opened and traveled at the time defendants built their enclosure. The north 200 feet of the alley in question in block five has been open and used several years. At the trial Mr. Huffman was sworn as a witness for the plaintiff and stated on oath that the defendants had no other paper title to the premises than the deed above mentioned, and that he claimed title to the land in controversy by adverse possession for more than thirteen years. The judgment was for the defendants.

I. The preliminary point is made by the respondent that the appeal should be dismissed for the rea-

**Bill of Exceptions.** son that "no sufficient abstract of the record has been filed." The only specification is that "there is nothing to show where the record proper ends and the bill of exceptions begins."

Examining the abstract we find at the end of the pleadings the statement: "The following entries and matters appear of record proper." Then follows a statement of orders of the court up to and including an order granting time to file bill of exceptions, and an order in term filing the bill within the time so granted. Then follows a big black faced capital line, as follows, "BILL OF EXCEPTIONS," followed by such matter as is usually preserved in that form, and finally by the usual and time honored attestation and signature of the judge with his official title. Having no difficulty in locating the dividing line between these two important portions of the record, we feel at liberty to proceed to the real question upon which the parties seem to have differed at the trial.

II.    This question is, in general terms, whether this land has been given, granted, sequestered or appropriated to public use within the meaning of that expression as used in section 1886, Revised Statutes 1909, which provides that "nothing contained in any Statute of Limitations shall extend to any lands given, granted, sequestered or appropriated to any public . . . use," so as to give the plaintiff city a possessory title which it may enforce in ejectment, and to prevent the acquisition of that title by the defendants by adverse possession, under the circumstances conclusively shown in this record.

**Limitations: Streets and Alleys.**

It is intimated by the defendants in their brief that this provision applies only to lands acquired by the public *in fee,* although they do not attempt to support that position otherwise than by naked assertion,

and we can see no reason upon which such a distinction can stand. The city is given "exclusive control over all streets, alleys, avenues, and public highways within the limits of such city" (R. S. 1909, sec. 9400), and it is plain that it cannot exercise this control without possession whether the title be an easement or a fee. The action of ejectment is a purely possessory one and it lies wherever the right to the possession of lands exists, and possession is withheld. So with the provision of section 1886 of the same revision exempting lands appropriated to public use from the operation of the statutes of limitation. Its words, as well as its reasons for being, apply equally to all interests in land appropriated to public use susceptible of adverse possession. The question is, has this land been dedicated to the public as a street or alley? If so it is immaterial whether such dedication be of the nominal fee or a simple easement.

In construing plats of this character we must give effect to the plain meaning and intent they exhibit by their outlines as well as by their words. Construing Plat: Outlines. [Brown v. Carthage, 128 Mo. 13, 23; Buschmann v. St. Louis, 121 Mo. 523, 536.] This plat expressed in its outlines more certainly than it could have expressed in words, what portions were to be sold or used as lots and what portions were intended as streets and alleys to serve them. It conformed exactly to the provisions of the statute in those respects, but did not conform to the provision requiring it to be submitted to the common council of the city, and its approval by ordinance to be indorsed on it before recording; and in this respect it did not constitute such a dedication of the streets and alleys which were shown on it as was required by the statute, and which carries with it the acceptance of the city. After the filing of the plat the owners sold the three lots at the south end of block five to the defend-

**Dedication:
Conveyance
by Reference.**
ant Mrs. Huffman, conveying them by a deed which described them only by numbers which they bore on the plat, and which could not operate without the assistance of the latter to identify the description. The streets and alleys shown on the plat were thus appropriated to the public uses thereon indicated so far as it could be done by a common-law dedication in which the defendants, or at least the wife, joined with the original owners. "When an incomplete or defective statutory dedication is *accepted by the public*, or when rights are acquired under such dedication by *third persons*, such acquisitions will operate in favor of the public and of such acquirers respectively," and "the sale and conveyance of the lots in the town according to its plan carry with them a grant or covenant that the streets indicated on the plan shall be forever open to the use of the public." [Heitz v. St. Louis, 110 Mo. 618, 624; Buschmann v. St. Louis, 121 Mo. 523, 536.] The city accepted the dedication by opening to public travel Carleton avenue, on which

**City Accepting
Dedication:
Adverse
Possession
of Alley.**
the defendants' lots fronted one hundred feet, and the unnamed street on the south, upon which they abutted two hundred and eighty feet, and has continued ever since to improve and maintain them. The defendants showed their appreciation of this by fencing up the alley, for which they apparently had no use, and to which they neither had nor claimed any title other than that which inheres in the abutting proprietor, for the purpose as they now say, of acquiring title to it by adverse possession. In this the law affords them no assistance. When the defendants received the deed to their lots as described in the plat, they approved and adopted it; when the city adopted it and opened and improved the streets upon which the lots abutted, it accepted the dedication of the alley as well (Heitz v. St. Louis, supra, l. c. 625) ; and there-

after, whether fenced or unfenced, it was held subject to the right of the city to take it at any time it should see fit to exercise its statutory dominion over it. [Robinson v. Korns, 250 Mo. 663, 673; Otterville v. Bente, 240 Mo. 291.]

The judgment of the circuit court is reversed and the cause remanded for further proceedings. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All the judges concur.