**CITY OF ALEXANDRIA, Appellant,**

v.

**KARA BAPTIST ACADEMY, INC., Respondent.**

No. 48385.

Missouri Court of Appeals, Eastern District, Division Six.

Oct. 30, 1984.

J. William Holliday, Kahoka, for appellant.

Richard R. Howe, Canton, for respondent.

CLEMENS, Senior Judge.

Action by plaintiff city to quiet title to a former school tract now owned by defendant-respondent. The trial court found against plaintiff city and it appeals.

The case was tried on the parties' stipulated facts. They agreed: The land was patented in 1837; the recorded plat bore the word "public" with no express dedication. The land had been used for public school buildings since 1920, or before, until 1976 and unused thereafter. Pursuant to RSMo. Section 177.091 the land was sold by the school district at public sale and defendant Kara Baptist Academy, Inc. is now

the recorded owner. There were no prior conveyances of record.

Here the city first contends the court erred in holding the word "public" on the original recorded plat was insufficient to show a statutory dedication by the city. Second, that there was a common law dedication of the disputed land to the city. Third, that the court erred in holding the city was further barred by the district's adverse possession.

The defendant counters by contending the plat on which plaintiff district relies fails to show a sufficient statutory dedication to the plaintiff city. Defendant also contends there was no common law dedication to the city because of the land's continued use for public school purposes.

These issues were fully considered by the trial court's comprehensive memorandum opinion. We affirm.

■ The trial court first ruled the platted word "public" alone did not show acceptance by the city, and was negated by the parties' stipulation that for the past 20 years or more the land had been used exclusively by the school district. This lack of the city's either formal or actual acceptance supported the trial court's finding against the city. See *City of Caruthersville v. Huffman*, 262 Mo. 367, 171 S.W. 323[3–5] (1914), and *City of Hannibal v. Heirs and Administrators of Draper*, 36 Mo. 332 l.c. 337 (Mo.1865).

■ The trial court also found against the city's claim of common law dedication. That may prevail absent formal dedication, but there must be evidence of three elements. See *Smith v. City of Hollister*, 241 Mo.App. 379, 238 S.W.2d 457[4, 5] (1951), holding: First, that the owner clearly showed an intent to dedicate land for public use; as we have ruled here the platted bare word "public" was insufficient to show dedication. Second, that the land was accepted by the public. Third, that the land was so used by the public. These latter two elements are negated by the record here. See also *State, etc. v. Public Water Supply, Inc.* 559 S.W.2d 538[9] (Mo.App.1977), re-

peating these requirements and holding that absent proof of public use there can be no common law dedication. The trial court correctly denied the city's claim of common law dedication.

In its decree the trial court correctly ruled plaintiff city had no ownership in the school district.

Affirmed.

REINHARD, C.J., and CRIST, J., concur.