**Landy WEIS, Plaintiff/Appellant,**

v.

**Leon R. MILLER, et al.,
Defendants/Respondents.**

**No. 58176.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1991.

Application to Transfer Denied
April 9, 1991.

Charles W. Portell, Jr., St. Louis, for plaintiff/appellant.

Lewis C. Green, Bruce Morrison, St. Louis, for defendants/respondents.

GRIMM, Judge.

In this action, plaintiff Landy Weis sought a declaration that she had "a permanent easement of way over Rayner Road." On cross-motions for summary judgment, the trial court denied plaintiff's motion and granted the motion of certain defendants. The trial court declared "plaintiff has no right of access, ingress, or egress to, through, over or upon Rayner Road." She appeals; we affirm.

### I. Facts

In 1951, the owners of the land now containing the Hue Vista subdivision and the property which plaintiff owns began developing the land. That year, they created the original seven-lot Hue Vista subdivision.

The Hue Vista plat depicts two private roads, Taylor Young Drive North and Rayner Road. A portion of Taylor Young Drive North, and all of Rayner Road, traverses land which owners owned, but did

not make part of the subdivision. These roads would allow the Hue Vista lot owners access to a public thoroughfare, Ballas Road.

In the Hue Vista subdivision plat filed with the recorder of deeds, the owners specified:

'Rayner Road' (50′ W) & 'Taylor Young Drive, North' (50′ W) are reserved as private streets for the *exclusive* use and benefit of the owners of lots in this subdivision.... (emphasis added)

Later, the owners added 14 lots to the Hue Vista subdivision. Rayner Road was extended to accommodate these lots.

The owners had some remaining acreage. This acreage was not added to the Hue Vista subdivision. Rather, larger tracts of land were sold to several different owners, including the 3.6 acre tract sold to plaintiff and her husband in 1964. This 3.6 acre tract lies south of Rayner Road, just east of Taylor Young Drive North.

## II. Exclusive Easement

■ In her sole point, plaintiff alleges "the trial court erred ... in denying [plaintiff] egress and ingress over a private roadway easement because [plaintiff], as the owner of the fee, possesses a right of concurrent use with the grantee of the easement." We disagree, because the language in the subdivision plat created an exclusive easement.

■ In examining plaintiff's contention, we rely "upon the well recognized principle that the extent of an easement created by a conveyance is fixed by the conveyance if it is clear and unambiguous." *Karches v. Adolph Investment Corp.*, 429 S.W.2d 788, 792 (Mo.App.E.D.1968). In construing plats, courts "must give effect to the plain meaning and intent they exhibit by their outlines as well as by their words." *City of Caruthersville v. Huffman*, 262 Mo. 367, 171 S.W. 323, 325 (Div. 1 1914).

Here, the language on the plat creating the subdivision and the streets is clear and unambiguous. The plat says Rayner Road was reserved as a private street "for the exclusive use and benefit of the owners of lots" in the subdivision. In addition, on the outline of roads in the subdivision, the words "Rayner Road (Private)" appear. Adjacent to the outline of Rayner Road, the plat contains this description: "Etched area indicates roadway easement granted to owners of lots in subdivision proper."

"Exclusive," in "its usual and generally accepted sense, ... means possessed to the exclusion of others; possessed and enjoyed to the exclusion of others; debarred from participation or enjoyment; not including, admitting, or pertaining to any other." *City of Nevada v. Bastow*, 328 S.W.2d 45, 47 (Mo.App.W.D.1959). When the owners created Rayner Road, they created it as a road for the exclusive use of the subdivision lot owners "to the exclusion of others."

Plaintiff contends the use is not exclusive, because the original owners' larger tract of land was only burdened with the easement, and the owners, and plaintiff as a grantee of the owners, could use the land so long as they did not interfere with the granted easement. In support, she relies on *Kissinger Private Levee Sys. v. Mackey*, 624 S.W.2d 64, 69 (Mo.App.E.D.1981) which states an "owner of land burdened with an easement has the right of full dominion and use of his property in any way not inconsistent with the easement."

*Kissinger* does not aid plaintiff. For plaintiff to have a right of use under *Kissinger*, her usage must not be "inconsistent with the easement." *Id.* at 69; *see also, Kiwala v. Biermann*, 555 S.W.2d 663, 667 (Mo.App.E.D.1977). Plaintiff's use of the roadway would be inconsistent, because the clause in the subdivision plat reserved Rayner Road as a private road "for the *exclusive* use and benefit of the owners of lots in the subdivision." (emphasis added).

Even if we were to assume the original owners retained the ownership of the land lying beneath Rayner Road and plaintiff, as a successor in interest, owns that part of Rayner Road adjacent to her property, this does not aid plaintiff. Plaintiff's petition sought a declaration that she has a permanent easement over Rayner Road "for the purpose of ingress and egress from Ballas Road."

From the plats presented to us, it appears that plaintiff's property begins more than 500 feet from Ballas Road. She has no ownership interest in the 500 feet of Rayner Road which does not adjoin her land and over which she would have to travel to reach Ballas Road. At best, as "owner" of the servient estate, plaintiff would only be entitled to use the south one-half of that portion of Rayner Road adjacent to her land.

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.