The People *ex rel.* Weber

*v.*

A. Herbel.

*Filed at Mt. Vernon October 2, 1880.*

1. Town plat—*dedication—by whom.* The purchaser of land subject to a deed of trust has no power to lay out the land into town lots, and thereby dedicate the streets and alleys to the public so as to affect a purchaser at a sale under the trust deed. A sale under the trust deed will avoid and vacate such a plat.

2. Conveyance—*after acquired title.* Where a deed, remising and releasing premises, contains a covenant that the grantor, his heirs, etc., shall warrant and defend the title to the premises to the grantee, his heirs and assigns forever, against all lawful claims of all persons claiming under the grantor, and the *habendum* clause provides that the grantee, his heirs and assigns, shall have and hold the premises, etc., forever, it will be a conveyance of the fee, and not a simple release, so that a title subsequently acquired by the grantor

will inure to the grantee, unless it is derived from sale under an incumbrance assumed by the grantee.

3. SAME—*construction of a deed as to assuming incumbrance by the grantee.* Where a conveyance of land recited that the grantor and wife, in consideration of $4000, with incumbrances thereon, to him paid by the grantee, the receipt whereof was acknowledged, did remise, quitclaim, etc., it was *held*, the evident intention was that the consideration of the deed was the payment of $4000, and the grantee's undertaking to pay the incumbrances on the land to the holders thereof, and that the grantee took the land subject to all incumbrances.

4. SAME—*covenant against claims under the grantor.* Where a conveyance of land is made subject to the incumbrances thereon made by the grantor, a covenant to warrant and defend against the claims of all persons claiming under the grantor applies only to the equity of redemption, which is all that such a deed purports to convey.

APPEAL from the County Court of St. Clair county; the Hon. FREDERICK H. PIEPER, Judge, presiding.

Mr. GEORGE W. BROCKHAUS, State's attorney, for the appellant.

Mr. C. F. NOETLING, and Mr. R. A. HALBERT, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an application to the county court of St. Clair county for judgment for taxes against town lots in East Carondelet, for the years 1877 and 1878. Appellee appeared and, claiming to be the owner of the lots in controversy, filed objections as to taxes levied by the city of East Carondelet on the property as city lots, which were sustained by the court, and a judgment was rendered for $21.82 against $46\frac{55}{100}$ acres of land,—to which the collector excepted, and the case is brought to this court and a reversal is asked. Appellee makes no objections to the judgment that was rendered.

The most material question we deem necessary to consider is, whether the plat which created this addition to the

city had been vacated and annulled before the property was assessed for taxation; and, if so, whether that rendered the assessment, by lots, void. This is the ground upon which appellee urges an affirmance.

The evidence in the record shows that in 1872 appellee executed a deed of trust to Hammel, to secure the payment of four promissory notes, falling due in one, two, three and four years, for $1600 each.

On the 14th day of February, 1874, appellee sold the land to one Malcom Henderson, and conveyed it to him. He, in April of that year, surveyed and platted it into lots, as his second addition to East Carondelet, and had the plat recorded.

Subsequently Hammel, the trustee, sold the property under the trust deed, and appellee became the purchaser, and received a conveyance. In this sale and conveyance the property is described as land, and not as town lots.

On the 8th day of February, 1879, appellee filed an instrument in writing, under seal, and had it recorded, vacating the plat of Henderson's second addition to East Carondelet.

There can be no question that Henderson's purchase was subject to the deed of trust, and, had the land been purchased by a stranger to the title at the sale by Hammel under that deed, that all of Henderson's rights would have been extinguished, as well his title as his plat. One person can not plat the land of another. That can only be done by the owner, so as to be legally binding; and Henderson was not the owner of the title, but simply of the equity of redemption. He, therefore, had no power to dedicate streets, alleys or grounds to the public, so as to affect the purchaser at a sale under the trust deed. Hence his plat was subject to be avoided and vacated by such a sale, and would clearly have been, had a stranger to the title become the purchaser.

But does the title thus acquired by the appellee, under the special covenants contained in his deed, inure to Henderson?

If so, does it render legal and valid the plat of the addition?

The special covenant is this: "The said parties of the first part hereby covenanting they and their heirs, executors and administrators, shall and will warrant and defend the title to the said premises unto the said party of the second part, and to his heirs and assigns forever, against all lawful claims of all persons claiming under them,"—whilst in the granting clause of the deed it only professes to remise and quitclaim the land.

The *habendum* clause is this: "To have and to hold the same, with all the rights and immunities, privileges and appurtenances thereto belonging, unto the said party of the second part, and to his heirs and assigns forever."

From this, it appears that appellee intended to, and did, convey a fee simple estate to Henderson. He conveys the land to be held by the grantee, his heirs and assigns forever, which must be conceded to be a conveyance of the fee.

Considering this covenant and the *habendum* clause, did the subsequently acquired title, by appellee's purchase at the trustee's sale, inure to the benefit of Henderson as his grantee, or did it cut off and extinguish Henderson's title? This may depend upon whether Henderson purchased subject to, and undertook to pay the incumbrances then on the land. As there is no other evidence on the subject, we are left to the recitals in the deed to ascertain, if we can, the fact. The deed recites that appellee and wife, "in consideration of four thousand dollars, with incumbrances thereon, to him paid by the party of the second part, the receipt of which is hereby acknowledged, do, by these presents, remise, release and forever quitclaim unto the said party of the second part," etc.

This language is very obscure, and very indefinite, and surely fails to express distinctly the meaning of the parties. Literally, it seems to be an acknowledgment of the payment to the grantors of the sum of $4000, and of the incumbrances upon the land. But incumbrances transferred from one to

another are not benefits, and are not appropriate matter to be given or accepted as payment.

The meaning intended to be expressed by these words used in this connection was simply that the consideration for the conveyance was $4000, (which was actually paid to the grantors,) and the amount of certain incumbrances of the land which was to be paid to other persons. When it is said that a man has paid to another, money, we understand very clearly what it means. But when it is said that he has paid to another, incumbrances, unless the incumbrances consist of debts due to the party *to whom* the payment is made, we can attach no rational meaning to the words.

Now, these incumbrances were not due to the maker of the deed, and were not payable to him. It is absurd to say he acknowledges the receipt of payment to be made to another. The evident intention of the parties was to say that the consideration of the deed was understood to be the payment of $4000, and the payment by the grantee of the incumbrances upon the land, and that the $4000 was paid to the grantors when the deed was made. In other words, the grantee was to have the land for the consideration of the payment by him to the grantor of $4000, and the payment by him to the holders thereof of all incumbrances upon the land, and the receipt of the payment to the grantor of the $4000 was duly acknowledged. We think it was not intended to express the thought that the incumbrances had been paid to any one.

Taking this deed altogether, we hold, not without some hesitation, that Henderson, by accepting the deed, took the land subject to all prior incumbrances upon it, and that the covenant against persons claiming under the grantor had relation to such claimants of that character as might arise, other than the holders of the incumbrances. If so, the title acquired by the appellee through the deed made by Hammel, the trustee, did not inure to the benefit of Henderson. Appellee, in his conveyance to Henderson, conveyed merely

an equity of redemption, and the "premises," the title to which he undertook to defend against the lawful claims of all persons claiming under him, was the title to the thing conveyed, which was, as we construe the deed, the equity of redemption.

The validity of the plat, and the dedication to the public, of the streets and the alleys laid out upon the plat, all depended upon the title of Henderson, who made the plat, and undertook to make the dedication. His title having been cut off by the sale made by the trustee under a prior trust deed, the conveyance to him, and the plat and the dedication, all fall together.

We think the judgment of the county court was not erroneous, and it must be affirmed.

*Decree affirmed.*