McShane v. The City of Moberly, *Appellant.*

1. **Dedication**: PUBLIC USE: DONOR MUST BE ABSOLUTE OWNER. No one but the absolute owner can dedicate land to public use so as to pass the fee. A dedication of land upon which there is a deed of trust is subject to be avoided by a sale under the deed.

2. ———: USER: ESTOPPEL IN PAIS. A dedication of land to public use may take place by user and assent without a deed. But to constitute such an estoppel *in pais* the intent of the owner to make the dedication in this way must be clearly shown.

3. ———: MORTGAGE ON RECORD: NO ESTOPPEL OF MORTGAGEE. The owner of land subject to a mortgage dedicated a piece of it to the public use for a street. The mortgagee knew of the dedication and made no dissent; his mortgage being all the time on record. Two years later the land was sold under the mortgage; *Held*, that the dedication did not bind the purchaser, the acts of the mortgagee not amounting to an estoppel *in pais*.

*Appeal from Moberly Court of Common Pleas.*—Hon. Geo. H. Burckhartt, Judge.

Affirmed.

*Hollis & Wiley with Ben. T. Hardin* for appellant.

*H. S. Priest* for respondent.

Philips, C.—This is an action of ejectment, brought by McShane, respondent, against the city of Moberly, to recover possession of a tract of land claimed by defendant to be a public street in one of the additions to said town.

The case was tried on the following agreed statement of facts: (1) That the abstract of title hereto attached and marked "A," is a correct exposition to the title in controversy. (2) That the property in controversy is a street, as shown, of Burkholders's second addition to Moberly and W. W. and J. P. Porter's addition to Moberly, filed for record February 1st, 1873, and March 1st, 1873, as shown by abstract. The dedication was accepted by defendant and said street was improved and has been in use by the public ever since. (3) That the parties dedicating were the owners and proprietors of the land dedicated, subject to a deed of trust to M. Y. Buchanan, trustee for C. C. Buchanan, as shown by said abstract. (4) That M. Y. Buchanan and C. C. Buchanan knew of the dedication and filing of the plat, and made no objection then or since. (5) That said land was sold in July, 1875, under the said deed of trust to M. Y. Buchanan, trustee for C. C. Buchanan, and D. B. White and H. Sam Priest became the purchasers at the sale, and afterward deeded the same land to this plaintiff; all parties knowing said land was dedicated, accepted and used by the public as a street. But White and Priest have never done or said anything at the time nor since their purchase at said sale under the deed of trust to M. Y. Buchanan, trustee, that would estop them from claiming the street if they ever had any right to it.

As the case was submitted on the agreed statement of facts to the court without a jury, it will not be necessary to incorporate in this opinion the declarations of law requested. The court found the issues for the plaintiff, and defendant brings the case here on appeal.

I. When Buchanan took his deed of trust from Young the land in question had not been laid off into lots and 1. DEDICATION: public use. donor must be absolute owner. streets, nor had any steps been taken looking to its dedication to the public. The legal title was, *pro forma,* vested by the trust deed in the trustee, subject to be defeated and re-invested in the mortgageor by payment of the debt. Burkholder and others, in purchasing from Young, took the estate *cum onere.* They acquired the equity of redemption. In a sense the mortgagee was a purchaser for value, and acquired whatever right, title and estate the mortgageor had at the time of the execution of the mortgage. It was not in the power of the mortgageor, after making the mortgage, to do any act which could impress or alter the condition of the estate conveyed, to the injury of the mortgagee. *Funkhouser v. Lay,* 78 Mo. 458. And the purchaser at the foreclosure sale acquired whatever right, title and estate in and to said land the mortgageor had, or the mortgagee acquired under the mortgage.

Burkholder and others, as the owners of the equity of redemption, had a right to grant an easement on or to convey the property to whom they pleased, so far as their own interests were concerned. "A dedication of property for public use is in the nature of a conveyance for the purpose of the use; but a person can convey or donate no more or greater title than he holds. If he holds no title, or his title is conditional, and it fails, the dedication fails. This is axiomatic." *Gridley v. Hopkins,* 84 Ill. 530.

The case of the *People v. Herbel,* 96 Ill. 384, presents a state of facts quite analogous, differing only in the fact that the *cestui que trust* became the purchaser at the foreclosure sale. There, as here, between the date of the mort-

gage and the foreclosure, the mortgageor conveyed to one Henderson, who platted the land into lots and streets, as an addition to East Carondelet. The court says, page 383: "There can be no question that Henderson's purchase was subject to the deed of trust, and had the land been purchased by a stranger to the title at the trustee sale, that all of Henderson's right would have been extinguished, as well his title as his plat. One person cannot plat the land of another. That can be done only by the owner, so as to be legally binding; and Henderson was not the owner of the title, but simply of the equity of redemption. He, therefore, had no power to dedicate streets, alleys or grounds to the public, so as to affect the purchaser at a sale under the trust deed. Hence, his plat was subject to be avoided and vacated by such a sale, and clearly would have been, had a stranger to the title become the purchaser."

As is suggested in the foregoing opinion, no one but the absolute owner can dedicate land to public use so as to pass the fee unconditionally. 2 Greenleaf Ev., 663; *City of Hannibal v. Draper*, 36 Mo. 332. In *Ward v. Davis*, 3 Sandf. (N. Y.) 513, Duer, J., expresses this doctrine in strong terms: "It is needless to cite authorities to prove that an absolute and final dedication of lands to a public use, can only be made by the owner of an absolute fee. It is a self-evident truth that he can only devote his real estate in perpetuity to the use of the public, who is competent to convey a fee by a perfect and unincumbered title to an individual." So it follows that when the city of Moberly accepted the proffered dedication it took with notice of the unsatisfied mortgage, and that the donation was subject to be avoided by a foreclosure sale under the mortgage.

II. Appellant's counsel seek to avoid the conclusive effect of an application of the foregoing principles to defendant's case, by invoking an estoppel *in pais*. The doctrine, it may be conceded, has long been settled that a deed is not essential to accomplish a transfer of real estate from an individual to the

2. ——: user: estoppel in pais.

public for its use. It may be completely effected by long use of the land by the public with the owner's assent. What will amount to a dedication based on user and assent is a fixed question of law and fact. Each case must, in large degree, depend upon its own peculiar facts. But as was held in this court in *Landis v. Hamilton*, 77 Mo. 554, "Where, without judicial proceeding or compensation, or solemn form of conveyance it is sought to establish, *in pais*, a divestiture of the citizen's landed property in favor of the public, the proof ought to be so cogent, persuasive and full, as to leave no reasonable doubt of the existence of the owner's intent and consent." The conduct and acts relied on to establish the intent should be inconsistent and irreconcilable with any construction except such consent. *Irwin v. Dixion*, 9 How. 30, 31; *Brinck v. Collier*, 56 Mo. 164, 165.

Tested by this standard, it is palpable that the facts in the agreed statement of this case are not sufficient. They amount only to this: The mortgagee knew of the laying off the land into lots and streets, and the user for two years at the outside. The mortgagee did no overt act to encourage this appropriation of the premises. He was not guilty of any concealment. His mortgage was on record, and this fact, the law of the statute declares, the defendant shall be presumed to know. When it was attempted, under circumstances equally as strong if not stronger than those in this case, to estop a mortgagee by acts *in pais*, this court, in *Bales v. Perry*, 51 Mo. 453, declared that: "If a man holds title to his land by deed, which has been duly recorded, it is all the notice he is bound to give, so long as he remains passive." The interest of the mortgagee in the premises is the amount of his mortgage debt expressed upon the face of his deed. And as before foreclosure the right of redemption resides with the owner of the equity of the redemption, the mortgagee had a right to presume that the city, when it began to deal with the premises, would and that it intended to perform its obligation to redeem. It cannot be

maintained, on such a state of facts as disclosed by this record, that the assignee of the mortgageor may not only neglect the performance of his duty to redeem, if he wants the land, but that having neglected it he can go on to the land and because he changes its face with streets he will acquire the land free from the mortgage altogether. So long as the mortgagee is guilty of no laches, no neglect, no fraud, he may point to his deed of record as his *caveat*, warning all comers of his rights and their peril in dealing with the premises.

Since writing the foregoing opinion my attention has been called to the case of *Masterson v. The West End Narrow Gauge R. R. Co.*, 72 Mo. 342. There is no necessary conflict between the conclusions reached in the two cases. The opinion of the court of appeals was affirmed, holding that the mortgagee having taken his deed without notice of any rights of the railroad company was entitled to recover. In remanding the cause HOUGH, J., suggested that if as a matter of fact, the court should find when the case was re-tried that the mortgage was past due, so that the mortgagee had a right of entry when the company entered and built the road, then it was perhaps the duty of the mortgagee to have protested. But no such fact appears in the agreed statement in this case. That would have been a matter of defense to the defendant, and if it existed the duty was his, if he would avail himself of the fact, to have shown it affirmatively.

On the agreed statement of facts the judgment of the circuit court was for the right party, and its judgment is, therefore, affirmed. All concur.