The City of Amboy, Appellant, *vs.* The Illinois Central Railroad Company, Appellee.

*Opinion filed October 26, 1908.*

1. Evidence—*parol evidence not admissible to show that vacation ordinance was passed for a private benefit.* Parol evidence is not admissible to show that an ordinance vacating a street was passed for the purpose of conferring a benefit upon private parties or to accommodate some private interest. (*Smith* v. *McDowell,* 148 Ill. 51, distinguished.)

2. Municipal corporations—*what does not render a vacation ordinance invalid.* Where an ordinance vacating a street is passed by the city council in the exercise of honest judgment, after due consideration of the inconvenience to the public and the public benefits expected to result from the vacation of the street, the fact that a railroad company, as an incident to such action, may also derive benefits does not render the ordinance void.

3. Ejectment—*an estoppel in pais cannot be relied upon as defense to ejectment.* The rule permitting matters of estoppel *in pais* to be considered in *mandamus* cases in determining what action

should be taken by the court in the exercise of its sound legal dis-
cretion does not authorize the consideration of an estoppel *in pais*
in other actions of law, such as ejectment, in which no discretion
can be exercised.

APPEAL from the Circuit Court of Lee county; the
Hon. O. E. HEARD, Judge, presiding.

P. M. JAMES, J. W. WATTS, and BROOKS & BROOKS,
for appellant:

A city or village may resort to the action of ejectment
to regain possession of streets unlawfully withheld from it,
although the city has but a public easement in, to and over
the street. *Village of Lee* v. *Harris,* 206 Ill. 428.

The city council of a city has no power, by ordinance,
to vacate streets for the benefit of persons or corporations.
Such an ordinance passed for such a purpose is void and
the action of the city council *ultra vires* and void *in toto.*
*DeLand* v. *Power Co.* 225 Ill. 212; *People* v. *Clean Street
Co.* id. 470; *Lowery* v. *Pekin,* 210 id. 575; *Railway Co.*
v. *People,* 222 id. 427; *Cold Storage Co.* v. *People,* 224
id. 287; *Weage* v. *Railroad Co.* 227 id. 425; *People* v.
*Railway Co.* 217 id. 594; *McGann* v. *People,* 194 id. 526;
*Pennsylvania Co.* v. *Chicago,* 181 id. 289; *Smith* v. *Mc-
Dowell,* 148 id. 51; *Snyder* v. *Mt. Pulaski,* 176 id. 403;
*Ligare* v. *Chicago,* 139 id. 46.

The action of the city council in vacating a street for
the purpose of enabling private persons or corporations to
enjoy and appropriate a portion of a street is *ultra vires*
and void *in toto,* and has no legal effect to aid the title of
the claimant. *DeLand* v. *Power Co.* 225 Ill. 217; *People*
v. *Clean Street Co.* 225 id. 470; *Smith* v. *McDowell,* 148
id. 51; *Railway Co.* v. *People,* 222 id. 427; *Weage* v. *Rail-
road Co.* 227 id. 425.

What a city has no power to do it cannot be estopped
to deny that it did. *Lowery* v. *Pekin,* 210 Ill. 581; *Seeger*
v. *Mueller,* 133 id. 86,

Parol evidence is admissible to show that the lands were vacated for the benefit of private persons or corporations, and the court will look to the purpose accomplished by the ordinance and the object attained, in determining the validity of the ordinance. If the purpose effected by it is within the power of the city council this act will be valid, otherwise not. *Smith* v. *McDowell,* 148 Ill. 51.

The action of a city council in vacating a street is reviewable by the court, and if the court can see that the council has abused the discretion reposed in it, the vacation will be held void. *People* v. *Wieboldt,* 233 Ill. 572.

WILLIAM BARGE, for appellee: .

The vacation of the portion of the street involved in this case was valid and the act of vacation was not *ultra vires.* The city had power to vacate the street. Hurd's Stat. chap. 24, art. 5, sec. 1, par. 7; *Ditch Co.* v. *Zellenbach,* 37 Cal. 543; *People* v. *Wieboldt,* 233 Ill. 572; *Meyer* v. *Teutopolis,* 131 id. 552; *Hyde Park* v. *Dunham,* 85 id. 569; *Parker* v. *Catholic Bishop,* 146 id. 158; *Mt. Carmel* v. *Shaw,* 155 id. 37; *East St. Louis* v. *O'Flynn,* 119 id. 200; *People* v. *Cregier,* 138 id. 401; *Brush* v. *Carbondale,* 78 id. 74; *People* v. *Kerr,* 27 N. Y. 188; 2 Dillon on Mun. Corp. (2d ed.) sec. 527.

Nor does it seem material that the vacation is made with the view or intention of vesting the adjoining proprietors with the ownership of the land embraced within the street. That merely goes to the motive by which the act of vacation is performed, and in that as in all legislative acts the motives by which the legislative body is actuated are immaterial and cannot be inquired into. Cooley's Const. Lim. (5th ed.) 222; Dillon on Mun. Corp. sec. 313.

Parol evidence is not admissible to show the ordinance was void. 2 Dillon on Mun. Corp. sec. 492, note 4.

Appellant, by affirmative action permitting appellee to enter upon the vacated portion of the street and make per-

manent and valuable improvements thereon to the amount
of $60,000 and occupy and use the same for more than
three years, is now estopped from maintaining this action
against it. *People* v. *Wieboldt,* 233 Ill. 572; *People* v.
*Rock Island,* 215 id. 488; *Railroad Co.* v. *Joliet,* 79 id.
25; *Railway Co.* v. *People,* 91 id. 251; *County of Piatt*
v. *Goodell,* 97 id. 84; *Chicago* v. *Stock Yards Co.* 164 id.
224; *Martel* v. *East St. Louis,* 94 id. 67; *Hanlin* v. *Railway Co.* 61 Wis. 515.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The city of Amboy brought an action of ejectment
against the Illinois Central Railroad Company to recover the
possession of a strip of ground one hundred feet wide and
extending westerly from the west line of East avenue across
the Illinois Central railroad right of way a distance of
three hundred and fifty to four hundred feet. Upon a trial
of the issues before the circuit court of Lee county without
a jury there was a finding and judgment for the defendant.
The city of Amboy has appealed to this court, and assigns
error upon the refusal of the court to hold certain propositions of law submitted by appellant and upon the holding
of the court on other propositions submitted by appellee.

There is no serious controversy as to the facts. The
*locus in quo* was, prior to July 13, 1904, a part of Main
street, in the city of Amboy. On that day the city council
of said city passed an ordinance vacating that portion of
Main street that is involved in this suit. After the ordinance was passed appellee took possession of the strip of
land and put in more tracks and enlarged its round-house,
with a view of making the city of Amboy a division terminal. Appellee enclosed the strip with an iron fence, and
has, since the vacation ordinance was passed, been in the
exclusive possession and control of the same, claiming to
be the owner thereof. The evidence shows that the railroad company has spent $60,000 on improvements in con-

nection with its terminal at Amboy which would not have been spent had the city not vacated the street in question. The evidence shows that the easement of the public in the land in question was acquired by prescription. The fee was never in appellant. The reversion in fee was in appellee. After the vacation appellee entered into possession under deeds, claiming to be the owner in fee of the premises.

The appellant bases its right to recover solely upon the ground that the ordinance of July 13, 1904, vacating the street is illegal and void, and that in consequence the possession of appellee is without color of right. There is no objection to the form of the ordinance, nor is it questioned that it was passed in strict accordance with the formal requirements of the statute. Appellant's contention is that the ordinance was passed for the benefit of appellee, and that the ordinance for that reason is *ultra vires* and void. The evidence upon which appellant bases the charge that the ordinance in question was passed for the exclusive benefit of the appellee amounts simply to this: that Mr. Daley, a division superintendent of the Illinois Central Railroad Company, submitted some plans and blue-prints to the members of the city council showing what improvements appellee desired to make in connection with its terminals in the city of Amboy. He explained that the crossing at Main street would have to be abandoned if appellee's plans were carried out. He explained that the crossing at Division street, one block north, would be improved, and that there would be little or no switching done at the crossing of Division street. The evidence shows that the proposition to vacate Main street was discussed informally at a meeting held in an engine room the day before the ordinance was passed. At this meeting a number of the members of the city council were present, as well as other city officials and a number of citizens of the city of Amboy. On the evening following this meeting the city council met, and after some discussion of the proposition to vacate Main street, which

was participated in by Mr. Daley, the ordinance in question was passed. None of these facts, however, appear of record. There was no petition or contract or other matter of record showing any reasons or motives for passing the ordinance.

It may well be doubted whether parol evidence can be received for the purpose of showing that the motive the city council had in passing the ordinance in question was to accommodate some private interest. In all the cases to which our attention has been called in which ordinances have been held void because they were passed for the purpose of enabling private persons or corporations to enjoy and appropriate a portion of a street, the evidence upon which such ordinances were declared void was found in the ordinances themselves. Thus, in *Smith* v. *McDowell,* 148 Ill. 51, which is the only case that appellant relies upon to support the admissibility of parol evidence to show that the streets were vacated for the benefit of private persons, the ordinance recited that it was passed "to enable the owner of lot 9, in block 22, in the original town of Chatsworth, to erect and maintain a brick building on said lot 9 with an area and entrance-way to the basement of such building in said Fourth street." This case gives no support to appellant's contention that parol evidence is receivable for the purpose of invalidating an ordinance by establishing a motive or purpose in the council to serve some private interest. In *Ligare* v. *City of Chicago,* 139 Ill. 46, the court considered two ordinances passed at the same time and in relation to the same subject, as parts of a single and entire scheme, from which the conclusion was deduced that there had been an improper exercise of the power vested in the city council in relation to streets. No parol evidence was offered or heard in that case. In *Field* v. *Barling,* 149 Ill. 556, the question arose as to the power of the city of Chicago to grant permission to construct a bridge or covered passageway connecting two buildings belonging to the same party,

23 6—16

and it was held that such permission could not be granted. The evidence that the ordinance was designed to confer merely a private benefit was found in the ordinance itself. In the case of *DeLand* v. *Dixon Power Co.* 225 Ill. 212, the evidence that a street was vacated merely for the purpose of strengthening the title of a private person was found in the petition and record of the action of the city council. It is there said, on page 217: "The action of the city council was merely an attempt to pervert the power of vacation to the sole purpose of enabling private parties to appropriate and enjoy a portion of a public street. This affirmatively appears on the face of the petition for the vacation and in the order of vacation." In the case of *People* v. *Clean Street Co.* 225 Ill. 470, the evidence that the ordinance, which purported to grant exclusive right to a private party to maintain boxes to be designated "city waste boxes," was intended to confer a mere private benefit was found in the ordinance and contract made in pursuance thereof. In none of these cases, and in no others to which our attention has been called, was the validity of the ordinance made to depend upon a question of fact depending upon parol testimony for its proof. In the late case of *People* v. *Wieboldt,* 233 Ill. 572, this court held that it is improper to receive evidence which merely goes to the motive by which the legislative body is actuated in passing an ordinance.

We conclude that it would be a very unsafe rule to hold that an ordinance could be rendered invalid by parol evidence as to the reasons urged for its passage. Evidence of this character is held inadmissible because it goes merely to the motives which led to the legislative acts in question, which are immaterial and cannot be inquired into. Cooley's Const. Lim. (5th ed.) 222; Dillon on Mun. Corp. 311; *Meyer* v. *Village of Teutopolis,* 131 Ill. 552; *People* v. *Cregier,* 138 id. 401; *People* v. *Grand Trunk Railway Co.* 232 id. 292; *People* v. *Wieboldt, supra.*

Even if it were shown by competent evidence that the city council vacated this street after due consideration of the inconvenience to the public on the one hand and the public benefits expected to result from the improvement proposed on the other, the mere fact that, as an incident to such action, appellee also derived benefits therefrom would not warrant us in declaring the ordinance void. If there was an honest exercise of judgment that the public interest would be subserved by the vacation, the incidental benefits received by appellee would not render the ordinance void. The decisions rendered wherein ordinances of this character have been held void, as we have already pointed out, are cases in which the evidence that the power was exercised solely for the benefit of a private interest appeared in the ordinance or otherwise in the official records of the municipality, and from which it was clearly shown that no consideration of public interests could have led to the enactment of the ordinance.

The trial court properly held that an estoppel *in pais* could not be relied on as a defense in an action of ejectment. (*Linnertz* v. *Dorway*, 175 Ill. 508; *Grubbs* v. *Boon*, 201 id. 98; *Wakefield* v. *VanTassell*, 202 id. 41.) The *mandamus* cases cited on this point wherein this court has regarded matters of estoppel *in pais* in determining what action ought to be taken in the exercise of a sound legal discretion cannot be regarded as authorizing the consideration of this equitable defense in other actions at law in respect to which no discretion can be exercised.

The result reached by the trial court is the correct one, and its holdings on the propositions of law submitted are well supported by the decisions of this court.

The judgment is affirmed.                    *Judgment affirmed.*