336    APPELLATE COURTS OF ILLINOIS.

Lockwood & Strickland Co. v. City of Chicago, 203 Ill. App. 336.

## Lockwood & Strickland Company, Appellant, v. City of Chicago, Appellee.

### Gen. No. 22,614.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WIL-
LIAM FENIMORE COOPER, Judge, presiding. Heard in this court at
the October term, 1916. Affirmed. Opinion filed February 5, 1917.

### Statement of the Case.

Action of assumpsit by Lockwood & Strickland Company, a corporation, plaintiff, against the City of Chicago, a municipal corporation, defendant, to recover $2,694 paid to defendant under the terms of an ordinance vacating an alley, with consolidated common counts and a special count declaring upon the ordinance and setting it out *in haec verba*. From a judgment dismissing the action upon sustaining a general demurrer to the special count, plaintiff appeals.

This action was based upon that portion of the ordinance which reads:

"The vacation herein provided for is made upon the express condition that Lockwood & Strickland Company, a corporation, shall, within sixty (60) days after the passage of this ordinance, pay to the City of Chicago the sum of twenty-six hundred ninety-four ($2,694) dollars toward a fund for the payment of any and all damages which may arise from the vacation of said alley."

WINTERS, PRICE & STEVENS, GEORGE W. UNDERWOOD and J. C. RISK, for appellant; GEORGE M. STEVENS, of counsel.

SAMUEL A. ETTELSON, for appellee; CHESTER E. CLEVELAND and DONALD P. VAIL, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Lockwood & Strickland Co. v. City of Chicago, 203 Ill. App. 336.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 83*—*when construction of ordinance is question for court.* In an action against a city to recover money paid under a city ordinance, upon demurrer to a special count declaring upon and setting out *in haec verba* such ordinance, *held* that the right to maintain the action rested in the legal inter·pretation of the liability of the city to refund the sum paid under the terms of the ordinance, and the question was one of law for the court, regardless of the erroneous conclusion of the pleader.

2. LIMITATION OF ACTIONS, § 103*—*necessity of pleading arresting of statute.* If the running of the statute of limitations has been arrested in any manner, that is matter of defense and need not be anticipated in the initial pleading.

3. LIMITATION OF ACTIONS, § 104*—*how defect in count setting up running of statute may be availed of.* That a count setting up the running of the statute of limitations is bad because not negativing the exceptions, if any exist, which arrest the running of the statute, cannot be reached by demurrer but must be availed of by plea.

4. MUNICIPAL CORPORATIONS, § 926*—*when person procuring vacation of alley under ordinance is estopped to question right of city to collect compensation therefor.* Where a city ordinance provided that the vacation of an alley made therein should be upon the express condition that a certain party paid a certain amount within a certain time, and the party paid the amount within the time, such party is estopped from questioning the power of the city to exact such payment from him.

5. MUNICIPAL CORPORATIONS, § 926*—*when party paying money in consideration of vacation of alley may not recover it.* The terms of a city ordinance vacating a certain alley upon the express condition that a certain party pay a certain amount within a certain time are regulative of the rights of the parties, and in the absence of a provision therein for the return of the money paid by such party he cannot maintain an action at law for its recovery.

6. ASSUMPSIT, ACTION OF, § 49*—*when money paid may not be recovered.* Money voluntarily paid cannot be recovered in an action at law.