## Lockwood & Strickland Company, Appellee, v. City of Chicago, Appellant.

### Gen. No. 24,737.

1. MUNICIPAL CORPORATIONS, § 879*—*what is nature of title to streets.* The title to streets and alleys is in the municipality for the public use, and the municipality, both in the laying out of the streets and alleys and in vacating the same thereafter, acts in and for the interest of the public and not in the interest or for, the benefit of individuals.

2. MUNICIPAL CORPORATIONS, § 926*—*when street vacating ordinance not invalid.* The validity of a street vacating ordinance is not affected by the fact that the title to a vacated street or alley reverts under the terms of the ordinance to the dedicator or adjoining owner and thereby becomes private property.

3. MUNICIPAL CORPORATIONS, § 106*—*when parol evidence of purpose of ordinance inadmissible.* Parol evidence is inadmissible to show that a street vacation ordinance was passed for private benefits where such parol evidence is *dehors* the provisions of such ordinance.

4. MUNICIPAL CORPORATIONS, § 85*—*right to consider motives of council in passing ordinance.* The motives influencing a city council in passing a street vacation ordinance are not the subject of judicial inquiry.

Appeal from the Superior Court of Cook county; the Hon. MAR-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

TIN M. GRIDLEY, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 7, 1919. Rehearing denied April 21, 1919.

SAMUEL A. ETTELSON, for appellant; HENRY T. CHACE, JR., FRANK S. RIGHEIMER and CHESTER E. CLEVELAND, of counsel.

WINTERS, PRICE and STEVENS and GEORGE W. UNDERWOOD, for appellee; GEORGE M. STEVENS and JULIAN CLAY RISK, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This case is here for the second time. A statement of the case and the divergent views upon the law of the senior and junior courts of review in this State may be found in 279 Ill. 445 and 203 Ill. App. 336.

The cause came to this court and the Supreme Court upon a demurrer to the declaration which had been sustained by the trial court and which on appeal this court affirmed, but on further review this court's judgment was reversed and the cause remanded by the Supreme Court with directions to overrule the demurrer with leave to defendant to plead.

Upon remandment plaintiff amended its pleading by adding thereto the common counts. Defendant filed pleas of the general issue, the 5-Year Limitation Statute, two special pleas attacking the ordinance and its provision for indemnity, and averring illegality and fraud. A general demurrer to these two pleas was sustained, and defendant, electing to stand by its pleas, the cause proceeded to trial under the declaration, the plea of *non assumpsit* and the limitation statute. At the conclusion of the proofs plaintiff in the usual way moved for an instructed verdict and for an assessment of damages at $2,694, which, being allowed, a verdict was accordingly rendered and a judgment entered thereon, and defendant appeals.

From the opinion of the Supreme Court, *supra*, it is evident that they regarded the declaration as in all respects sufficient in law to entitle plaintiff to recover upon furnishing sustaining proof. This requirement being fully met, the judgment is invulnerable to attack unless the additional pleas to which a demurrer was sustained present a legal defense. The controversy now hinges upon the assumed potency of such pleas as a defense in avoidance of the obligation of the city created by the ordinance in question.

Two of the special pleas sought to avoid the ordinance upon the theory that parol testimony was available to prove that the ordinance was procured by illegality and fraud and that the money paid under the ordinance was in fact paid as compensation for vacating the alley for the benefit of plaintiff; that in this condition the law was not available to either party for relief.

The 5-Year Limitation Statute is clearly unavailable as a defense, as plaintiff's right of action did not mature until 5 years after the passage of the ordinance, when the city was by the efflux of time relieved from any claim for damages resulting from the passage of the vacation ordinance which might be made by third parties. As to plaintiff, the limitation statute commenced to run after that 5-year period.

The claim of illegality and fraud is at least novel. This claim rests in the insistence that there was an understanding between plaintiff and some officers of the city and members of the city council that the money paid under the vacating ordinance was not paid to satisfy the condition of the ordinance exacting such payment, but was in fact paid as compensation to the City for vacating the alley for the benefit of plaintiff, contrary to the ruling of the Supreme Court in case, *supra*, that the City had no such proprietary interest in the alley which it could barter away for a money consideration. The title to streets and alleys is in the

municipality for the public use, and the municipality, both in the laying out of streets and alleys and in vacating the same thereafter, acts in and for the interest of the public and not in the interest or for the benefit of individuals.

That the title to a vacated street or alley reverts under the terms of a vacating ordinance to the dedicator or the adjoining owner and thereby becomes private property, in no way affects the validity of such ordinance. Moreover, parol evidence is not admissible to show that a vacation ordinance was passed for private benefits where such parol evidence is *dehors* the provisions of such ordinance. *Hill v. Kimball*, 269 Ill. 398.

In the instant case, *supra,* the Supreme Court held that a municipality had a legal right to require an indemnity as a condition precedent to the vacating of a street or alley, to protect such municipality from liability for damages to third parties. The motives influencing a city council in passing a vacating ordinance is not the subject of judicial inquiry. *City of Amboy v. Illinois Cent. R. Co.*, 236 Ill. 236.

There is no reversible error in this record and the judgment of the Superior Court is affirmed.

*Affirmed.*