# Rand McNally & Company, Appellee, v. City of Chicago, Appellant.

## Gen. No. 24,736.

1. MUNICIPAL CORPORATIONS, § 106*—*when purpose of ordinance cannot be shown by parol.* Parol evidence is not admissible to show that a vacation ordinance was passed for private benefits where such parol evidence is *dehors* the provisions of such ordinance.

2. DEDICATION, § 2*—*who may make.* As a general rule only the owner of the fee is able to make a valid dedication, but where the owner of the fee objects to a dedication and has by ordinance provided that its lessee shall dedicate, and the lessee has done all in its power to accomplish the owner's requirement, it is inequitable and unreasonable to claim a failure to perform.

3. ESTOPPEL, § 94*—*when applies to municipal corporations.* The doctrine of estoppel applies to municipal corporations.

4. DEDICATION, § 37*—*when city estopped to object.* Where an owner of leasehold interests was induced to make great and valuable improvements by relying upon the acquiescence and even the desire of a city, the owner of the fee, as to the dedication of a portion of its leasehold estate for alley purposes, the city would be estopped to urge that such owner could not dedicate the property.

5. PLEADING, § 431*—*what not a variance.* Where an owner of a leasehold interest sought the recovery of money paid to a city to become a fund for the payment of damages which might be claimed because of the vacation of an alley, and the proof showed that the money was paid into an account for corporate purposes, there was no variance, as the plaintiff was not bound by the acts of the city with respect to the money.

6. LIMITATION OF ACTIONS, § 24*—*when cause of action matures.* In an action to recover money paid to a city to become a fund for the payment of damages which might be claimed because of the vacation of an alley, the plaintiff's right of action did not mature until 5 years after the money was paid over to the city.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed February 11, 1920. Rehearing denied February 21, 1920. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SAMUEL A. ETTELSON, for appellant; HENRY T. CHACE, JR., FRANK S. RIGHEIMER and CHESTER E. CLEVELAND, of counsel.

MORRILL, SHANNON & TRISKA, for appellee; DONALD L. MORRILL and NAHUM MORRILL, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff, Rand McNally & Company, brought suit in assumpsit against the defendant, the City of Chicago, to recover $6,000 paid to the city under the terms of an ordinance which was passed for the purpose of vacating an alley.

The theory of the plaintiff is that the $6,000 was paid in to the City of Chicago to become a fund for the payment of damages which might be claimed because of the vacation of the alley, and that as 5 years had elapsed, the maximum time within which suit could be brought for such damages and no claim had been made, it was now entitled to have the money paid back.

It is the theory of the defendant (1) that the ordinance provided that the plaintiff should, within 90 days of its passage, "dedicate to the public and open up for public use as an alley, or cause to be dedicated and opened up for public use as an alley," the north 20 feet of a certain lot 8, but that the plaintiff, being only the owner of a leasehold estate in lot 8, did not and could not make a valid dedication in compliance with the ordinance; and, further (2), that the $6,000 which was paid to the City of Chicago under section 2 of the ordinance was not an indemnity fund but money paid to the city as compensation for the land vacated; in other words, that the city and the plaintiff entered into an illegal contract, the terms of which were that the city would vacate a certain alley for the

benefit of the plaintiff, and in consideration of the vacation the plaintiff paid to the City of Chicago the sum of $6,000.

The *locus in quo* as to the vacated part is the south 300 feet of a 10-foot alley extending from Harrison street north in block 113, School Section Addition to Chicago. Prior to the passage of the ordinance in question, the alley extended north and south through the center of the block from Harrison street to Van Buren street. The plaintiff became the owner of long term leases, most of them expiring on April 30, 2000, of practically the whole of the south 300 feet of the block; and substantially all of them being given by the Board of Education of the City of Chicago. In nearly all the leases it was provided that the plaintiff should within a fixed time erect upon the demised premises a modern fireproof building costing not less than a certain, agreed upon, figure. On March 27, 1911, the City Council passed an ordinance the material parts of which are as follows: Section I provides: ''That all that part of the north and south alley, ten (10) feet in width, * * * lying between the north line of Harrison street and the south line of the north twenty (20) feet of lot eight (8) * * * be vacated and closed, the same being no longer necessary for use as an alley and the public interest being subserved by the vacation thereof.'' Section II provides: ''The vacation herein provided for is made upon the express condition that Rand McNally & Company, a corporation, shall within ninety (90) days after the passage of this ordinance dedicate to the public and open up for the public use as an alley, or cause to be dedicated and opened up for the public use as an alley, the north twenty (20) feet of lot eight (8),'' and ''shall within ninety (90) days after the passage of this ordinance pay to the City of Chicago the sum of $6,000 toward a fund for the payment and satisfaction of any and all claims for damages which may

arise from the vacation of said alley." Section III provides that "this ordinance shall take effect and be in force from and after its passage, subject to the conditions of Section II hereof, provided said Rand McNally & Company shall within ninety (90) days after the passage of this ordinance file for record in the office of the Recorder of Deeds of Cook County, Illinois, a certified copy of this ordinance and a plat properly executed and acknowledged showing the vacation and dedication herein provided for."

It is admitted that on April 7, 1911, the plaintiff paid to the City of Chicago the sum of $6,000, and also that a plat of dedication of the north 20 feet of lot 8 was seasonably filed for record in the recorder's office. It is further admitted that the city paid out no claims for damages arising by reason of the vacation of the alley. The form of the ordinance is not objected to and it is not contended that it was not passed in strict accordance with the technical requirements of the statute. At the close of the plaintiff's evidence, counsel for the city stated to the trial judge that they desired to prove that the plaintiff applied to the City of Chicago, in writing, to have the alley vacated in their interest; that subsequently they took up with the City of Chicago, through the subcommittee of the Council of Compensation and Bureau of Compensation, the question of the amount that they should pay in consideration of having the ordinance passed and the alley vacated in their interest; that it was thoroughly understood by Rand McNally and Company and the city officials that this alley was being vacated solely in the interests of Rand McNally and Company, and that the money they were paying was computed upon the basis of compensation and was paid as compensation and for no other purpose; that the ordinance was put in the form of protecting them against a claim for damages to give it the appearance of legality whereas the parties well knew the

actual transaction was entirely different. Accordingly, the defendant offered in evidence certain letters, one from the Mayor to the City Council, one from the plaintiff to the City Council, one from the Superintendent of Public Works to the City Comptroller, one from the City Real Estate Agent to the Chairman of the Committee on Compensation, one from the Chairman of the Committee on Local Industries, and the Journal of the proceedings of the City Council of October 10, 1910, February 14, 1911, February 20, 1911, March 20, 1911 and March 27, 1911. They also offered in evidence the testimony of one McGurren, Superintendent of Compensation of the City of Chicago, to the effect that representatives of the plaintiff were present at meetings of the Committee on Compensation; that the question involved mainly was whether it was a public or a private alley; that the plaintiff claimed that no compensation should be paid for the alley as it was a private alley and the city had no jurisdiction over it; that an appraisal of the value of the space was made by one Peacock, the City Real Estate Agent; that it was a rule of the Compensation Committee that 75 per cent of the appraised value should be taken and fixed as proper compensation; that he redrafted the ordinance and was present in the Committee of Compensation when the amount was considered; that representatives of the plaintiff also were present; that these matters took place before the passage of the ordinance; that he discussed compensation with plaintiff. Counsel for the defendant produced a letter signed by Peacock, the City Real Estate Agent, to the Chairman of the Committee on Compensation which contained the following: "In regard to the proposed vacation and dedication of alleys in block bounded by Van Buren, Clark, Harrison and La Salle streets, for the benefit of Rand McNally & Company, it is my opinion that the value of the 400 square feet in question is $8,000,

being figured at the rate of $20 per square foot." At the close of all the evidence, the trial judge, upon motion of the plaintiff's counsel, struck out all the defendant's evidence, and directed a verdict in favor of the plaintiff in the sum of $6,000. A verdict in that amount was brought in, and judgment entered thereon.

Whether or not the evidence offered and which the trial judge refused to entertain should have been admitted and considered is a question somewhat difficult to answer. Apparently there is an irreconcilable conflict between *People v. Corn Products Refining Co.*, 286 Ill. 226, and *Lockwood & Strickland Co. v. City of Chicago*, 214 Ill. App. 25, which latter case was decided by this court on April 7, 1919, and as to which, subsequently, a writ of certiorari was refused. Prior to the *Corn Products Refining Co.* case, *supra*, the tendency of the law was to exclude all evidence tending to vary the terms of vacation ordinances. *City of Amboy v. Illinois Cent. R. Co.*, 236 Ill. 236; *Hill v. Kimball*, 269 Ill. 398. In the latter case, Mr. Justice Carter said: "Parol evidence is not admissible to show that a vacation ordinance was passed for private benefit or was otherwise invalid." The *Corn Products Refining Co.* case, *supra*, on the other hand, holds that parol testimony may be received to show the purpose of an ordinance. The court in that case said: "To hold otherwise would be to subject the public to the loss of its streets through an ordinance, by merely avoiding in such ordinance, or the record connected therewith, any disclosure of its real purpose. Such should not be the law." And, further: "We know of no rule limiting an inquiry into the purpose of an ordinance to such evidence as appears in the ordinance or the petition, only, and can see no good reason for such a rule." The ruling of the trial judge followed the law as announced in *Lockwood & Strickland Co. v. City of Chicago, supra.* We there said: "Parol evidence is not admissible to show that

a vacation ordinance was passed for private benefits where such parol evidence is *dehors* the provisions of such ordinance.'' (Citing *Hill v. Kimball,* 269 Ill. 398.) And as a writ of certiorari was refused in that case and at a date later than the filing of the opinion in the *Corn Products Refining Co.* case, we are of the opinion that that is a true statement of the law as it is today.

It is contended by the defendant that the plaintiff did not within 90 days after the passage of the ordinance, ''dedicate to the public and open up for public use as an alley, or cause to be dedicated and opened up for public use as an alley the north twenty (20) feet of lot eight (8).'' The plaintiff put in evidence a ''plat of dedication'' of the north 20 feet of lot 8. It is marked ''Approved April 7, 1911. Jno. D. Riley, Examiner.'' There also appears upon it the following ''Owner of leasehold estate in lot 8, Block 113, School Section Addition to Chicago under lease from Board of Education of City of Chicago dated May 1, 1902.'' The plaintiff's lease of lot 8 ran from May 1, 1902 to April 30, 2000. As a general rule, only the owner of a fee is able to make a valid dedication. As said in *People v. Herbel,* 96 Ill. 384: ''One person cannot plat the land of another.'' *Fisk v. Town of Havana,* 88 Ill. 208; *Baugan v. Mann,* 59 Ill. 492. Yet, where the one objecting to the dedication owns the fee, and has by ordinance provided that its lessee shall dedicate, and the lessee does all in his power to accomplish the owner's requirement, it is obviously inequitable and unreasonable then to claim a failure to perform.

It is a perfect type of estoppel. Further, the law is well established that where, as here, one is induced to make great and valuable improvements by relying upon the seeming acquiescence and even desire of another, the latter is estopped. Of course, a city may be estopped. As said in *People v. City of Rock Island,*

215 Ill. 488: ''It has frequently been decided that the doctrine of estoppel *in pais* is applicable to municipal corporations, but that they will be estopped or not, as justice and right may require. There may be cases where, under all the circumstances, to assert a public right would be to encourage and promote a fraud.'' Such an estoppel is recognized in *People v. Wieboldt*, 233 Ill. 572; *People v. Blocki*, 203 Ill. 363. Further, the defendant sanctioned plaintiff's dedication. Section 2 of the ordinance provided that the plaintiff should within 90 days after the passage of the ordinance make a sufficient deposit with the defendant ''to defray all cost and expense of paving and curbing the return into the alley (being the south part of lot 8) herein dedicated,'' etc. Accordingly, the plaintiff deposited $150 for that purpose; the plaintiff did the paving and subsequently the defendant repaid the cost. That conduct and recognition, with full knowledge of the plaintiff's limited title, suggests, at least, that it would be highly inequitable to entertain any objection now. Would it not smack of stultification?

It is contended that there was a variance between the declaration and the proof; that the declaration announces the theory that the money was paid towards a fund for the satisfaction of any damages which might arise by reason of the vacation of the alley, whereas the proof shows that the money, the $6,000 was paid into the ''account of corporate purposes.''. The answer to that is, the plaintiff, who paid in the money to the city, was not bound by what the city saw fit to do with the money, nor was it the function of the plaintiff, nor its right, to direct the application of the fund. It was sufficient that the plaintiff paid and the city admittedly received the money pursuant to the ordinances.

As to the contention that the 5-Year-Limitation Statute has run against the plaintiff's right of action,

it must be borne in mind that the plaintiff's right of action did not mature until 5 years after the money was paid over to the city. *Lockwood & Strickland Co. v. City of Chicago, supra.*

Finding no error in the record the judgment is affirmed.

*Affirmed.*